### JAMES H. HOYT *vs.* FRANCIS M. HOLLY.

The plaintiff, a practicing physician in a country village, being about to remove to a neighboring town, proposed to the defendant, who was also a physician, to remove to the village and take his place, he agreeing to recommend him to his patrons and to use his influence in his favor, reserving the right to practice in the village when called on to do so ; the defendant in consideration agreeing to pay the plaintiff $500. Held, that the business of the plaintiff was not such a personal trust and confidence that it could not be the subject of sale, and that the contract was not void as being contrary to public policy. (Two judges dissenting upon the latter point.)

ASSUMPSIT, brought to the Superior Court in Fairfield county, and tried on the general issue with notice, closed to the court, before *Sanford J.* Judgment for the plaintiff, and motion for a new trial by the defendant. The facts are sufficiently stated in the opinion.

*Curtis* and *Hoyt*, in support of the motion.

1. The contract is void as being impossible of performance. It provides that the plaintiff shall use his influence with his former patrons to get them to employ the defendant, and yet permits him to continue his own professional practice in the same village and of course among the same patrons. 1 Swift Dig., 206, 208, 212.

2. The contract is void as being contrary to public policy. The patients of the plaintiff were entitled to his free, fair and unbiased judgment, whenever he should be enquired of, as to whom they ought to employ as their physician, and any influence exercised upon them for reward would be a fraud. *Nichols* v. *Mudget*, 32 Verm., 546; *Frost* v. *Belmont*, 6 Allen, 152; *Devlin* v. *Brady*, 36 N. York, 531; *Bless* v. *Bloomer*, 23 Barb., 609; *State* v. *Hartford & New Haven R. R. Co.*, 29 Conn., 538; *Fuller* v. *Dame*, 18 Pick., 472. *Debenham* v. *Ox*, 1 Vesey, 276; 1 Story Eq. Jur., §§ 293, 294. 295.

3. The contract was not the sale of the good will of a business. The good will of a business is merely the hope, probability and expectation that the people who have heretofore resorted to a certain place, to transact their business, will still continue to resort there. It is not an agreement to influence people to trade with a third party. *Crutwell* v. *Lye*, 17 Vesey, 336, 345, 347; Story on Partnership, § 99; Bouvier Law Dict., *Good Will*. It attaches to the place rather than to the person. It belongs necessarily to the mercantile business, and not to the learned professions, the arts, or sciences. If one wishes to employ a skilful engineer, mathematician, physician or lawyer, he will seek him wherever he may be, and not employ some incompetent person, who happens to occupy the office formerly occupied by him. The business of a professional man partakes so far of the nature of a personal trust and confidence as not to be the subject of sale. *Austen* v. *Boys*, 27 Law Journal, Cha., 714.

*Olmstead* and *Child*, contra, cited *Mitchell* v. *Reynolds*, 1 P. Wms., 181; *Chesman* v. *Nainby*, 2 Stra., 739; *Davis* v. *Mason*, 5 T. R., 120; *Hulton* v. *Lewis*, id., 639; *Bunn* v. *Guy*, 4 East, 190; *Butler* v. *Burleson*, 16 Verm., 176; *Hathaway*

v. *Bennett*, 10 N. York, 108 ; *Bradbury* v. *Bardin*, 35 Conn., 577.

FOSTER, J. It appears from the motion in this case that at the time of entering into the contract out of which this suit has arisen, both the parties were practising physicians in the town of Greenwich, the plaintiff at the village of Greenwich, and the defendant at Round Hill.

The plaintiff, being about to leave the village and establish himself in practice in the adjoining town of Stamford, proposed to the defendant to remove from Round Hill to Greenwich village, and take the plaintiff's place. The plaintiff agreed to recommend the defendant to his patrons and patients in the village and vicinity, and to use his influence to induce them to employ him. It was mutually understood that the plaintiff reserved the right to practice in the village and vicinity, when called on to do so.

The plaintiff removed to Stamford, and the defendant came to the village, occupying for a time the office previously occupied by the plaintiff, going into practice, and holding himself out, by advertisement and otherwise, as the successor of the plaintiff. The motion finds that the plaintiff fulfilled his part of the agreement, and this suit is brought to recover the $500, which was the consideration agreed to be paid to the plaintiff by the defendant on his part. The judgment below was in favor of the plaintiff.

This motion for a new trial rests on three grounds. 1. That the contract is void as being incapable of performance. 2. That it is void as being contrary to public policy. 3. That it is not the sale of a good-will of a business ; the business of a professional man being a personal trust and confidence, not a subject of sale. Because the plaintiff reserved the right to practice in the locality, when called on to do so, we do not think it therefore became impossible for him to recommend the defendant, and to exert his influence to induce his patients to employ him. That fact might affect the value of the recommendation ; it might diminish the weight of the influence ; but certainly it would not necessarily prevent the recommendation from being made, the influence from being exerted.

Besides, a conclusive answer to this claim is, the finding in the motion that the plaintiff fulfilled his part of the agreement.

This contract would no doubt be void, if it belonged to that class of contracts to which it is likened by the defendant's counsel. We distinguish it from cases of a promise to pay another for soliciting a will to be made in his favor, or for procuring a marriage between certain parties, and other analogous cases. No principle of law or public policy is violated by the carrying out of this contract.

As to the question of the sale of the good-will of a professional business, without entering upon an examination of the various cases from *Bunn* v. *Guy* in the 4th of East, to that of *Austen* v. *Boys* in 27 Law Journal, Chancery, 714, (*S. C.*, 2 DeGex & Jones, 626, and 22 Jurist, 719,) we feel warranted in saying that a practising physician may make a sale of his situation, may lawfully make such a contract as was here made. We find nothing exceptionable in the rulings and decision of the court below, and the motion for a new trial must therefore be denied.

In this opinion BUTLER, C. J., and CARPENTER, J., concurred. PARK, J., was of opinion that the plaintiff's agreement, in consideration of the money to be paid him by the defendant, to recommend the defendant to his patrons and patients, and endeavor to induce them to employ him, was contrary to good policy and rendered the whole contract void on that ground. He therefore dissented.

SEYMOUR, J., also dissented.