WILLIAM DWIGHT *vs.* CHARLES H. HAMILTON.

A. executed a bond to B. conditioned to convey to him, for a certain sum, his land and buildings, and his practice and good will as a physician. To carry out the agreement, the money was paid by B.'s wife, and the real estate conveyed to her. In a suit brought by B. to restrain A. from practising as a physician in violation of his agreement, *Held,* that, as the money was paid by, and the real estate conveyed to, the wife by consent of the parties, A. could not object that B. had failed to perform his part of the agreement.

A contract by a physician for the sale of his " practice and good will " in a specified town is not void as against public policy.

In a contract of sale of a business and its good will, there is an implied covenant that the vendor will not interfere with the enjoyment of what he has sold; if he does, such interference may be restrained by injunction.

BILL IN EQUITY filed July 16, 1873, to restrain the defendant from violating the contract implied in the condition of a penal bond, which was as follows : " The condition of this obligation is such, that whereas the said C. H. Hamilton has agreed with the said William Dwight to sell him his place in said Douglas, — the land and buildings where he now lives, — and his practice and good will as a physician, for the sum of fifty-five hundred dollars; now, if the said C.' H. Hamilton shall convey to said William Dwight, by a good and sufficient warranty deed, all of his aforesaid real estate in said Douglas, and fulfil his other agreements thereto, on or before the first day of April next, on the payment to him, by the said William Dwight, of the aforesaid sum of fifty-five hundred dollars, then this obligation shall be void, otherwise in full force and effect. "

The bill alleged that the plaintiff formerly resided and practised medicine in Bernardston ; that by the promises of the defendant and the agreements contained in the bond, he was induced to give up his practice there and to remove his family to

the town of Douglas, where since April 1, 1873, he had been and still was engaged in the practice of medicine; that the defendant duly executed and delivered the bond; that the plaintiff had fully performed his part of the agreements in the bond contained, and had actually paid the $5500; that the defendant had conveyed to the plaintiff the real estate referred to; that the plaintiff then resided upon it; that the defendant had opened another office for the practice of medicine in the same town, at a distance of only about fifteen rods, in the next house but one from his former office, which was then the residence of the plaintiff; that the defendant still continued and threatened and intended to continue to practise as a physician in the town of Douglas, which fact had already greatly injured the plaintiff in his practice, and was a gross violation of the agreement in the bond. Upon the filing of the bill a temporary injunction issued.

The answer admitted the making of the bond, but denied that the plaintiff had paid the $5500, or that the defendant had conveyed to him the real estate, but alleged that he had conveyed it to one Helen M. Dwight for $5500. It admitted that he had opened another office in Douglas for the practice of medicine, but alleged that he did not do it for more than three months after the making of the bond, and that in the mean time he had removed to the town of Hyde Park with the intention of there practising medicine. It denied that the defendant was responsible for any injury to the plaintiff's practice, " since patients and their friends have full right of election as to the physician they will employ," and alleged that if the defendant was obliged to execute a transfer of "his practice and good will as a physician," such transfer would be in restraint of trade and void, and that as the plaintiff had not purchased the real estate, he had no claim under the bond against the defendant.

The parties afterwards filed the following agreed statement of facts: " It is admitted that the defendant executed the bond set forth in the bill and was paid the sum therein named, but that the consideration money came from, and the real estate was conveyed to, the wife of the plaintiff by consent of all parties to the transaction. It is further admitted that in consequence of the signing

of the bond the plaintiff removed his family to Douglas and there commenced the practice of medicine, and that the defen¹-ant thereupon ceased to reside and practise medicine in said town but after an absence of about twelve weeks returned to Douglas and recommenced the practice of medicine in that town and its vicinity, and was engaged in such practice until the injunction was issued on the filing of this bill."

The case was heard by *Wells,* J., and reserved upon the pleadings and agreed facts for the consideration of the full court.

*D. Foster,* for the plaintiff.

*H. Baylies,* for the defendant.

ENDICOTT, J.* The injunction already issued should be made perpetual. On the part of the plaintiff the contract has been performed, and he has removed to Douglas and entered upon the practice that he purchased. It is admitted that the consideration was paid by the wife of the plaintiff and the deed given to her by consent of the parties. The money was therefore paid and the deed given in pursuance of the contract, and the defendant cannot now raise the question that the plaintiff did not himself perform it according to its letter. Neither the contract nor the benefit to accrue to the plaintiff under it were changed by this ar rangement; it affected only the manner of payment.

On the part of the defendant there has been a clear breach of his bond. The fair construction of the obligation is, that the defendant agreed to sell to the plaintiff his land and buildings, and his practice and good will as a physician in Douglas, for the sum of $5500. Upon payment of this sum and the delivery of the deed of the land, the practice and good will of the defendant as a physician within the limits of Douglas passed to the plaintiff as well as the land.

The sale of the practice and good will of a physician within certain limits is the legitimate subject matter of a contract, and carries with it the implied covenant, as in other sales, that the vendor will not himself do anything to disturb or injure the vendee in the enjoyment of that which he has purchased.

---

* This case was argued in writing, and considered by all the judges.

The case is clearly to be distinguished from *Bassett* v. *Percival*, 5 Allen, 345, relied on by the defendant. There the good will of the trade of a particular store in Boston was sold, not the good will of the trade of the store within the limits of the city. No limits were designated beyond the store itself, and it was held that the vendor was not restrained in the absence of an express covenant from transacting the same business in another store, and that the opening a similar store in Boston was no breach of the agreement.

The case more nearly resembles *Angier* v. *Webber*, 14 Allen, 211, where the interest and good will of a teamster's business between Boston and Somerville was sold. As in this case, certain limits were designated. There was no express covenant that the defendant would not enter into the same business on the same route, but simply a covenant that he would not do anything to impair or injure the business he had sold. But such covenant only expressed what otherwise would have been implied. It merely put into words the implied covenant, that follows from the sale of the business within certain limits, in the same manner as a covenant is implied, from the grant of a way or a watercourse, that the grantor will not stop or interfere with its enjoyment. In such case a covenant not to stop or interfere with it would add nothing to the grant, for what is implied is as much a part of the contract as what is expressed. And the court held that establishing a similar business on the same route was a breach of the agreement, and an injunction was granted.

Here the defendant within three months of the sale returned to Douglas, opened an office in the next house but one from his former office, and recommenced the practice which with its good will he had sold to the plaintiff. For such breach the plaintiff may have an action at law, or a more complete remedy in equity by injunction, and so compel the defendant to the performance of his agreement. *Ensign* v. *Kellogg*, 4 Pick. 1. *Fox* v. *Scard*, 33 Beav. 327. *Howard* v. *Woodward*, 10 Jur. (N. S.) 1123.

Nor is this agreement illegal as being in restraint of trade. The defendant gave up his practice in a particular place only for a valuable consideration, and it is well settled in Massachusetts

that this does not violate any rule of public policy. *Gilman* v. *Dwight*, 13 Gray, 356. *Angier* v. *Webber, supra. Atkyns* v. *Kinnier*, 4 Exch. 776. *Hoyt* v. *Holly*, 39 Conn. 326.

*Decree accordingly.*