FRANK R. TIMMERMAN v. ISAIAH DEVER.

*Physicians—Agreement not to practice—"Vicinity."*

An agreement between physicians that one would not practice in a specified city *and vicinity* was *construed* as excluding him from all territory within ten miles from the city limits.

Appeal from Barry.   (Hooker, J.)   Oct. 25.—Oct. 31.

INJUNCTION bill.   Defendant appeals.   Affirmed.

*Clement Smith* for complainant.   A contract between two doctors binding one not to practice medicine in a specified locality is enforcible : 5 Wait's A. & D. 767; Story's Eq. § 722; *Stocker v. Brockelbank* 5 E. L. & E. 67; *Lumley v. Wagner* 1 De G., M. & G. 604; *Bunn v. Guy* 4 East 190; *Smalley v. Greene* 35 Amer. 267; *Cook v. Johnson* 36 Amer. 64; *Haldzman v. Simonton* 55 Ia. 144; *Warfield v. Booth* 33 Md. 63; *Atkyns v. Kinnier* 4 Exch. 776.

*Knappen & VanArman* for defendant.   All the Michigan cases, where contracts in restraint of trade have been enforced specifically, have been cases where (1) the refraining from exercising the occupation or profession is to be immediate, and (2) where the contract by way of restraint is connected immediately with the sale of the business and the stock in trade thereof, and the restraining from practice is necessary to the beneficial enjoyment of the thing sold, and in which beneficial enjoyment the person seeking to impose the restraint has an especial and peculiar interest : *Beal v. Chase* 31 Mich. 490; *Doty v. Martin* 32 Mich. 463; *Hubbard v. Miller* 27 Mich. 15; where the terms of a contract are at all hard, and its specific performance will be attended with a degree of hardship to defendant out of proportion to and not demanded by the exigencies of complainant's position, specific performance should be refused : 5 Wait's A. & D. 787; 1 Story's Eq. Jur. § 766; *Keeler v. Taylor* 53 Penn. St. 467.

SHERWOOD, J.  The parties in this case are both practicing physicians residing in the city of Hastings, and carrying on the business of their profession.  On the fourth day of June, 1881, the defendant entered into the following contract with the complainant:

"In consideration of the sum of five hundred dollars, to me in hand paid this fourth day of June, A. D. 1881, by Frank R. Timmerman, M. D., the receipt whereof is hereby acknowledged and confessed, I agree as follows : To remain in the city of Hastings and vicinity, in the active practice of medicine with said Timmerman, for a period not exceeding six months from this date, and to divide equally the receipts from said practice with him.  At the end of six months from this date I agree to relinquish and yield up to him my practice, and remove from said city and vicinity, and refrain from practicing medicine in said city and vicinity, after said six months, for at least the term of five years immediately succeeding said six months, and I reserve the right to remove from said city and give up said practice as aforesaid any time after this date and before said six months shall expire."

By agreement of the parties the time for defendant to quit practice and leave said city was extended until the first day of April, 1882.

Complainant's bill avers that the said defendant, instead of complying with his agreement to quit practice in the city of Hastings and vicinity thus made with the complainant, when said first day of April arrived absolutely refused so to do, and from that time to the present has continued to practice his profession in Hastings and vicinity, and avers his intention to continue his practice there.

The answer admits defendant's continuance in practice at Hastings, and avers his right to continue by reason of certain understandings and dealings between the parties had subsequent to the making of the contract.  The case was heard at the Barry circuit on pleadings and proofs, and the circuit judge made a decree in accordance with the prayer of complainant's bill.

Upon an examination of the record we think the conclusion of the circuit judge was correct.  It very clearly shows a failure of the defendant to comply with his written agree-

ment with the complainant, which non-compliance, according to the testimony of defendant himself, could scarcely fail to be an injury to complainant.

A discussion of the testimony is unnecessary, and could serve no useful purpose. It is sufficient to say the equity of the case is clearly shown to be with complainant, and but one thing requires further notice—the decree restrains the defendant from practicing his profession "*in the city of Hastings and vicinity.*" This clause of the decree is somewhat indefinite as to the extent of territory to which it applies, and may give rise to further misunderstanding between the parties. For the purpose of obviating any difficulty of this kind, the decree made by the circuit judge should be so modified as to make certain the limits of its operation. Of course, the extent of territory included in the term "vicinity of the city" must necessarily depend in a great measure upon the size of the city, its location and particular surroundings: and under all the circumstances as they appear upon this record I think the territory surrounding the city for the distance of ten miles from its corporate boundaries a reasonable limitation, and one which may be safely regarded as within the contemplation of the parties when they made their contract.

The decree at the circuit court should be modified accordingly and thus modified must be affirmed with costs.

CAMPBELL and COOLEY, JJ. concurred.

GRAVES, C. J. I agree with the court below that the case established by complainant entitled him to relief, and I also agree that the proper mode of relief is by injunction. But I think the decree ought to be more precise. It pursues the wording of the agreement, that defendant should forbear business in the city of Hastings and "vicinity," and fails to prescribe what territory the parties understood by this expression. They meant by it to identify the space from which the defendant was to be excluded, but they did not use it as amounting to a definite description.

The word itself is entirely indefinite as a term of descrip-

tion of the bounds of the territory, and it fails to fix in such manner as it should for the purpose of an injunction, the particular limits which the defendant is not to pass. The defendant is entitled to be informed, on the face of the injunction, where he is not to act under peril of attachment, and it ought not to be left as a matter of speculation or conjecture.

I am inclined to think that the sense of the parties is substantially answered by regarding the city limits and a space extending ten miles on all sides therefrom, as the area from which the defendant was to be excluded and I think the decree should be so varied as to correspond with this view, and in all other respects affirmed.