W. S. Wolverton & Son vs Bruce & Butt.

Opinion delivered October 27, 1905.

(89 S. W. Rep. 1018).

1. *Pleading—Complaint—Defects—Demurrer.*

Defects in a complaint, because it is insufficient in law, and shows no cause of action, and shows that the contract sued on is oral and void under the statute of frauds, and shows that the contract is void as in restraint of trade, cannot be reached by demurrer, not being within the statutes defining defects to be taken advantage of in such manner.

(Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of §§ 360, 362, Vol. 39. Cent. Dig. Pleadings § 409.

2. *Contracts—Legality—Restraint of Trade.*

A contract for the sale of the business of an insurance agent in a town, which binds the seller not to engage in the insurance business in that town, is not void as in restraint of trade.

(Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, § 559½).

3. *Frauds Statute of—Agreements Not to be Performed in a Year—*
   *Performance—Effect.*

   An oral contract for the sale of the business of an insurance agent
   in a town, together with his outstanding accounts, good will, etc.,
   stipulated that the seller should not engage in the insurance business
   in that town. The seller turned over the business and violated
   the stipulation within a year. *Held,* that the contract was not
   within the statute of frauds, because not to be performed within
   a year.

4. *Injunction—Contracts—Restraining Breaches.*

   Where a seller of a business commits a breach of his agreement not
      to engage therein, a suit by the buyer for an injunction is the proper
   remedy.

   (Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction,
      § 121.

Appeal from the United States Court for the Southern
District of the Indian Territory; before Justice J. T. Dickerson.
June 10, 1904.

Action by W. S. Wolverton & Son against Bruce & Butt.
From a judgment of dismissal, plaintiffs appeal. Reversed,

The complaint in this action is as follows: "Plaintiffs,
W. S. Wolverton and W. A. Wolverton, state that they compose
the firm known and styled as W. S. Wolverton & Son and reside
in Ardmore, I. T., and are now, and have been since long
prior to the days and dates hereinafter mentioned, engaged
in the business of general insurance, and particularly of fire,
life, accident, tornado, and fidelity insurance, with their principal
office and place of business in the town or city of Ardmore,
I. T.; that the territory and scope of their said business,
during the last several years, has extended and now extends
over the Chickasaw Nation, Ind. T.; that the defendants,

Stanley R. Bruce and F. A. Butt, compose the firm known as Bruce & Butt, who reside in said city of Ardmore, Ind. T., and are now engaged in and propose to engage in the insurance business in the town of Ardmore, I. T., and in a similar way and manner to that of plaintiffs herein. For cause of complaint, plaintiffs state that on or about September 21, 1903, and for a long time prior thereto, plaintiffs were engaged in the insurance business as aforesaid, and defendant Stanley R. Bruce was also engaged in the same business in a similar manner in the city of Ardmore, I. T., as a member of the firm of Roberts, Poland & Bruce, composed of E. W. Roberts, W. P. Poland, Stanley R. Bruce, and C. D. Carter; that each of said firms were agents, underwriters, and brokers for various insurance companies, and in the conduct of their said business, among other things, solicited for their companies, and procured risks on lives and property of various and divers people, and guaranteed the fidelity of employees, and made bonds of contractors, litigants, etc., and received commissions from said companies for said work; that each of said firms had in the conduct and management of their said business built up and acquired a large patronage and clientage in Ardmore, I. T., and the surrounding country, and regularly procured the risks of same for their respective companies. They kept books showing the names of persons, property, employees, etc., insured, and dates of expiration, terms of such insurance, and other useful information. Now plaintiffs further state that on or about September 21, 1903, defendant Stanley R. Bruce, for himself and the said firm of Roberts, Poland & Bruce, represented to plaintiffs herein that he and his said firm wished to retire and cease from insurance business, and proposed to sell all the rights and interest of said firm in and to said business, including books, accounts, good will, and a recommendation to the various companies the said firm represented to employ the buyer as agent, underwriter, or broker. Plaintiffs declined

to buy or consider any proposition from said Bruce or his firm, unless said Bruce and E. W. Roberts of said firm would agree as a part of the consideration for purchase that they and each of them would not again engage in the insurance business in the town of Ardmore, I. T. Whereupon said Bruce and Roberts, for themselves and said firm, represented and agreed that they and each of them desired and intended to retire and quit the insurance business, and warranted and agreed that they, E. W. Roberts and Stanley R. Bruce, and each of them, would not again engage in said business in the town of Ardmore, I. T.; that plaintiffs, relying on said representations, agreements and warranties, which were made orally, for a valuable consideration, to wit; the sum of $12,566.98 duly paid, purchased and bought of said firm their entire business and assets, including books and accounts outstanding, office furniture and fixtures, good will of said business, and the agreement on part of said Bruce to recommend plaintiffs to the various companies of said firm of Roberts, Poland & Bruce, and to do all reasonable things to aid plaintiffs to secure and continue the said business so sold and conveyed. And pursuant to said purchase, and on or about September 21, 1903, said Roberts, Poland & Bruce delivered to plaintiffs their entire business and assets, including books and accounts outstanding, furniture and fixtures, as aforesaid. Now plaintiffs allege that thereafter the said Bruce, wholly disregarding his agreement aforesaid, has recently formed a partnership with defendant F. A. Butt under the said firm name of Bruce & Butt, and is engaging in and proposes to engage in the same or a similar business to that of plaintiffs, in the city of Ardmore, I. T., and is holding himself and his said firm out to the public generally, and to each and all of the former clients or patrons of the said firm of Roberts, Poland & Bruce, as insurance agents and solicitors of insurance, and is procuring risks and proposing to procure such risks, and is endeavoring to

induce many of the insurance companies of plaintiffs, formerly represented by the said firm of Roberts, Poland & Bruce, to cease doing business with plaintiffs, and to allow his present firm to act for said companies, and is soliciting the customers, patrons, and clients of plaintiffs, a portion of whom were formerly patrons or clients of the firm of Roberts, Poland & Bruce, to cease doing business with plaintiffs, and to give their said insurance business to defendants, and will, if not restrained, continue to so act to the great damage of plaintiffs in the sum of $5,000.  Plaintiffs further show to the court that the defendant Bruce, is insolvent and cannot respond to the plaintiffs in damage, that plaintiffs have no adequate legal remedy. Wherefore, the premises considered, the plaintiffs pray that defendants be cited to answer this complaint, and that said defendant Stanley R. Bruce be restrained and enjoined from engaging in the said insurance business in the city of Ardmore, and that defendant F. A. Butt be restrained and enjoined from engaging in said business as a partner of defendant Bruce, or as a member of said firm of Bruce & Butt, and that upon final hearing plaintiffs have judgment against defendant Bruce, individually, and said firm of Bruce & Butt, for their said damages, costs of suit, and all other relief to which they in law or equity may be entitled." Upon motion plaintiffs amended the complaint to show that the contract relied upon was oral‾

Defendants demurred to complaint as follows: "Now comes the defendant and excepts to the plaintiffs' complaint herein, and says that the same is insufficient in law and shows no cause of action against the defendant.  Further specially excepting, defendants say that the complaint shows that the contract which they claim was made by the defendant Bruce was an oral contract, and not to be performed within one year, and is therefore void under the statute of frauds. Further specially excepting, defendants say that said com_

plaint shows that said contract that they claim was made by defendant Bruce was void, as being in restraint of the trade, of all of which defendants pray judgment of the court in that they be discharged with their costs."

Judgment was pronounced by the court on the hearing of the demurrer as follows: "On this, the 10th day of June, 1904, came on to be heard the demurrers of the defendants to the plaintiffs' complaint herein, and the court, after hearing the argument of counsel and being fully advised in the premises, is of the opinion that said demurrers should be and the same are hereby sustained; and, the plaintiffs having announced in open court that they decline to further amend their complaint, it is further considered, adjudged, and decreed by the court that this cause be, and the same is hereby, dismissed from the docket of the court, to which action of the court in sustaining said demurrers and dismissing said cause the plaintiffs in open court at the time duly excepted. And it is further considered, adjudged, and decreed by the court that the plaintiffs W. S. Wolverton and Alph Wolverton pay all costs in this behalf incurred or expended, for which execution may issue. and to which order awarding execution the plaintiffs in open court duly excepted."

From this judgment appeal is prosecuted to this court.

*H. C. Potter* and *Herbert, Walker & Cannon,* for appellants.

*Potter, Bowman & Potter,* for appellees.

GILL, J. (after stating the facts). Appellants assign the following error: "The court erred in sustaining the demurrer to the complaint, and in dismissing the cause and

taxing costs against appellants." Our statute defines what defects in a complaint may be taken advantage of by demurrer, and all other defects shall be taken by way of answer. The defects sought to be reached in this demurrer are not statutory in any sense, and it was error on the part of the court to sustain the demurrer, and the cause is remanded, with directions to the court below to overrule the demurrer and require the appellees to further plead.

Before leaving the matter we may say in passing that a contract, whether oral or written, such as described in the complaint, is held by all the later authorities to be a valid contract, as not in restraint of trade.   2 Parsons on Contracts (6th Ed.) 911, and notes; Beach, Modern Law Contracts, §§ 81, 1571, 1572.   Also, we may say further that such a contract, when analyzed, is found not to come within the statute of frauds.   Mansf. Dig., § 3371 (Ind. Ter. Ann. St. 1899, § 2305). Appellee Bruce and his partners received from appellant $12,-566.98, and agreed therefor to turn over their insurance business and assets, including books and accounts outstanding, office furniture and fixtures, good will of said business, to recommend appellant to the various companies of said firm, and to do all reasonable things to aid appellants to secure and continue said business so sold and conveyed, and further warranted and agreed that Bruce and each member of the firm selling such business would retire and quit the insurance business, and would not again engage in said business in the town of Ardmore. Every part of this contract was valid.   To say that it was not to be performed within a year was an oral contract, and void under the statute of frauds; or, that any part of it was void under the statute of frauds because not to be performed within a year, is to beg the question.   They did turn over the business and did cease the insurance business within the year for the consideration named, and Bruce, within the year, violated

his contract, and began the insurance business with his co-defendant Butt. Such action on his part ought to be restrained, and injunction is the proper remedy. Beach on Modern Law of Contracts, § 1575.

Reversed and remanded.

TOWNSEND and CLAYTON, JJ., concur. RAYMOND, C. J., not participating.