### G. W. YEAKLEY v. J. L. GASTON.

Decided April 25, 1908.

**1.—Appeal—Assignment of Error—Sufficiency.**

An assignment of error as follows: "Because the court erred in rendering judgment for defendant, and in not rendering judgment for the plaintiff, as prayed for on the findings of fact found by the court and filed herein," is too general to require consideration on appeal.

**2.—Good Will—Sale of—Effect.**

The sale of the good will of a professional man carries with it the obligation that he will abstain from practice in future in the territory from which he thus binds himself to withdraw. But evidence of a sale by one doctor to another, of his residence and a certain portion of his business, considered, and held insufficient to show a sale of the good will of the business.

**3.—Practice—Announcement of Trial—Withdrawal of.**

When a case is tried before the judge without a jury, and the judge has indicated that his decision would be adverse to the plaintiff, it is not error for him to refuse to allow the plaintiff to withdraw his announcement for trial and file additional pleadings.

Appeal from the District Court of Montague County. Tried below before Hon. Clem B. Potter.

*Graham & Williams* and *H. F. Teldon,* for appellant.—Where one physician sells his real estate, including his practice and good-will in said profession, to another, and receives compensation for said practice and good will, no specific time being mentioned in the contract of sale within which the seller will abstain from reengaging in said business in the given territory, a proper construction of such contract of sale will prevent the seller from engaging in said practice in said territory as a competitor of the purchaser so long as said purchaser continues in said vocation in said territory. Gates v. Hooper, 39 S. W., 1079; Wolff v. Hirshfield, 57 S. W., 572; Dwight v. Hamilton, 113 Mass., 175; Kelley v. Kelley, 2 Phila. (Pa.), 380; Beatty v. Coble, 142 Ind., 329, 41 N. E., 590; Timmerman v. Dever, 52 Mich., 24, 17 N. W., 230.

Where a case is tried before a court without a jury and the testimony has been closed and the court has withheld judgment thereunder, it is error for the court to refuse one of the parties to said suit the privilege of introducing additional testimony, it being made to appear in a motion for that purpose that no injustice would be done the opposite party, and that injustice might be done the applicant by refusing said motion. Hilburn v. Harris, 21 S. W., 573; Wolf v. Mahan, 57 Texas, 175; Houston & T. C. Ry. Co. v. Forsyth, 49 Texas, 178; Texas & Pac. Ry. Co. v. Borrow, 14 S. W., 698.

*John Speer* and *Chambers & Cook,* for appellee.

STEPHENS, Associate Justice.—The case is sufficiently stated in the court's findings of fact, which we adopt.

The first assignment submitted in the brief reads: "Because the court erred in rendering judgment for defendant and in not rendering judgment for the plaintiff as prayed for, on the findings of fact found by the court and filed herein." This assignment is objected to for being too general, in support of which the following cases are cited: Tudor v. Hodges, 71 Texas, 392, and Bayne v. Denny, 52 S. W., 983, to which may be added Wright v. Wren, 16 S. W., 996. It is difficult to see how it could have been made more general, and it is also difficult to see how we are to consider it without disregarding not only Rule 31, but the statute itself (Rev. Stats., art. 1013), which declares that an error so assigned shall be considered as waived, to say nothing of the decisions above referred to in which similar assignments were held to be bad. But in view of more recent rulings of the Supreme Court on this subject, we have concluded not to place our decision alone upon the insufficiency of the assignment.

The court's findings of fact, though not so explicit as they might be, admit of the construction, we think, that Dr. Gaston did not undertake to sell to Dr. Yeakley his good will, but only agreed to sell his residence, his patronage of certain corporations, and to introduce Dr. Yeakley to his patients. This he did and moved away from Bowie, where both had up to this time been engaged in the practice of medicine. He was not, therefore, precluded from returning to Bowie and resuming his practice, the good will not having been sold, and no agreement having been entered into that he would not return, although it was contemplated by both parties at the time the trade was made that he would not do so. In the conclusions of law the court employed some language which seems to indicate that the view was entertained that nothing short of an express agreement on the part of the appellee not to again resume the practice, would be a bar to his doing so. But the authorities cited by appellant seem to us to be sound in holding that the sale of the good will of a professional man carries with it the obligation that he will abstain from practice in future in the territory from which he thus binds himself to withdraw. (Dwight v. Hamilton, 113 Mass., 175; Beatty v. Coble, 142 Ind., 329, 41 N. E., 590; Foss v. Roby, 81 N. E., 199; Timmerman v. Dever, 52 Mich., 34, 17 N. W., 230.)

Manifestly the court did not err after he had indicated what his decision would be on the facts in refusing plaintiff permission to withdraw his announcement and file additional pleadings, and it is equally clear that the court did not err in refusing a new trial on account of newly discovered evidence.

The rulings complained of in the admission and exclusion of testimony we have examined, only to find the assignments relating thereto to be entirely without merit. The judgment is affirmed.

*Affirmed.*