BUCKHOUT *v.* WITWER.

1. CONTRACTS—RESTRAINT OF TRADE—STATUTES.

In transferring all their interests as stockholders of a corporation to complainant, and in stipulating not to engage in a certain business in the city where the sale was made for five years, the defendant vendors were within the exception of section 6, Act No. 329, Pub. Acts 1905, permitting such restrictions in cases where bad faith or intent to create a monopoly does not exist.

2. SAME—SPECIFIC PERFORMANCE—EQUITY—PENALTY—LIQUIDATED DAMAGES.

Specific performance of a contract will not be refused where a sum to be forfeited for a breach was fixed by the contract and was in the nature of a penalty.

Appeal from Kalamazoo; Knappen, J. Submitted May 5, 1909. (Docket No. 37.) Decided July 6, 1909.

Bill by Oscar K. Buckhout against Benjamin F. Witwer and Roy Witwer for the specific performance of a contract. From an order sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

*Osborn & Mills*, for complainant.

*Marvin J. Schaberg* (*L. T. Flansburg*, of counsel), for defendants.

HOOKER, J. The Witwer Baking Company is a corporation doing business in Kalamazoo. It was organized July 18, 1906, to take over the business of Benjamin F. Witwer, of that place, who had established a lucrative baking business. Its capital stock was $100,000, of which Benjamin F. Witwer subscribed for $39,000, Etta Witwer $1,000, Lorenzo T. Bennett $49,000, and Oscar K. Buckhout, the complainant, $11,000. The good will of said business was put in at $10,000.

On February 26, 1908, Roy Witwer, a son of Benjamin F. Witwer, acquired 100 shares of the capital stock of said company. On March 9, 1908, complainant purchased from Benjamin F. Witwer, who was authorized to and did act for Etta Witwer, and Roy Witwer, his wife and son, respectively, all of the capital stock of said company owned by them, for an agreed price of $14,000. Said Benjamin F. Witwer, with the knowledge and assent and upon the behalf of his said wife and son, as well as himself, executed the following writing:

"B. F. WITWER, President,

"O. K. BUCKHOUT, Vice President,

"L. T. BENNETT, Sec'y and Treas.

"Bakers of 'Buster Brown,' 'Mothers' and 'Butter Bread.'

"THE WITWER BAKING COMPANY,

"Wholesale Bakers.    Corner   Church   and   Eleanor Streets.

"Telephone 1629.

"KALAMAZOO, MICH., March 9th, 1908.

"B. F. WITWER,

"City.

"*Dear Sir:* I will pay you thirty-five cents (35c.) on the dollar, for $40,000 stock in The Witwer Baking Co., incorporated, which amounts to $14,000, it being understood that the stock above referred to shall be all of the stock now held in your name, also in the name of Etta Witwer and Roy Witwer, said stock shall be indorsed by those whose name it is now in and delivered to me free from all encumbrances within five days from date. In making you this offer and purchasing your interest in this company, it is subject to the condition that the good will of yourself and family follows the purchase; also, that you will not directly or indirectly, in any way, shape or manner engage in the baking business in Kalamazoo for a period of five years. If you do so and do not fulfill on your part both in the spirit and language of this letter, you shall forfeit to me one thousand dollars, $1,000, per annum until the end of the five years from the time you shall not have acted in good faith in performing the terms of this sale.

"You shall resign your position as an officer of this

company at once or upon the delivery of stock in this company above referred to.

"Yours truly,
                "O. K. Buckhout.

"Accepted by
    "B. F. Witwer."

The bill in this cause is filed to specifically enforce said contract, to recover damage for an alleged breach, and to restrain further breaches of said contract by Benjamin F. and Roy Witwer, for five years.

In addition to the foregoing facts, the bill alleges that before said sale to the complainant the defendants were secretly arranging to enter into a new business similar to that carried on by the Witwer Baking Company in competition with it, and with the design and intention of undermining it for their own benefit and profit, contrary to their contract, and that in furtherance of such design have entered upon such a business, contrary to their said contract, and are now conducting it, to the injury and serious damage of complainant. The defendants demurred to said bill, and, the demurrer having been sustained, the complainant has appealed.

Two important questions arise upon this record:

*First.* Was the contract a violation of sections 1, 6, Act No. 329, Pub. Acts 1905, which provide:

"Section 1. All agreements and contracts by which any person, copartnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void. * * *

"Sec. 6. This act shall not apply to any contract mentioned in this act nor in restraint of trade, where the only object of the restraint imposed by the contract is to protect the vendee or transferee of a trade, pursuit, avocation, profession or business, or the good will thereof, sold and transferred for a valuable consideration in good faith and without any intent to create, build up, establish or maintain a monopoly."

*Second.* Does the contract by its terms provide for stipulated damages to the exclusion of a right to specific performance? It is contended by the appellees that this statute expressly forbids all contracts in restraint of trade, except in favor of the transferee of a business, and that the corporation was the only transferee of the business here, complainant being only a purchaser of stock, hence that he is not within the terms of the statute. We should have no doubt of the validity and binding effect of this contract in the absence of the statute under the cases of *Hubbard* v. *Miller,* 27 Mich. 15 (15 Am. Rep. 153); *Beal* v. *Chase,* 31 Mich. 490; *Doty* v. *Martin,* 32 Mich. 463; *Timmerman* v. *Dever,* 52 Mich. 34 (17 N. W. 230, 50 Am. Rep. 240); *Up-River Ice Co.* v. *Donler,* 114 Mich. 303 (72 N. W. 157, 68 Am. St. Rep. 480); *S. Jarvis Adams Co.* v. *Knapp,* 121 Fed. 34, 58 C. C. A. 1; *Davis* v. *A. Booth & Co.,* 131 Fed. 31, 65 C. C. A. 269; *Kronschnabel-Smith Co.* v. *Kronschnabel,* 87 Minn. 230 (91 N. W. 892); *Bradford* v. *Furniture Co.,* 115 Tenn. 610 (92 S. W. 1104, 9 L. R. A. [N. S.] 979). All of them appear to turn upon the common-law rule. The present case involves a statute, which has changed the common-law rule, and made invalid all such contracts, with certain exceptions, and this case must turn on the question of its being within the exception, and as said in *Merchants' Ad.-Sign Co.* v. *Sterling,* 124 Cal. 429 (57 Pac. 468, 46 L. R. A. 142, 71 Am. St. Rep. 94):

" It is not a question whether the holder of shares of a corporation should be permitted to enhance their vendibility, by agreeing to abstain from carrying on business similar to that of the corporation, * * * but it is a question whether such agreement is not by law (*i. e.,* statute) declared to be void."

The corporation succeeded to all of the defendant Benjamin F. Witwer's rights in this business, after which he had no right to the good will except as a stockholder. His wife and son never had any except as owners of stock. At the time of complainant's purchase of stock, he was not

thereby technically made a transferee of a trade, pursuit, avocation, or business or the good will thereof, but he was made a transferee of the same, so far as a stockholder could have such interest, for the defendants did make a sale of their interest in the corporation and the good will of themselves in the business, and defendants promised to refrain from engaging in such business upon a consideration which was adequate.

Technically, the sale to the corporation did carry the good will to it, but the stockholders who constituted the corporation became the real owners of the business and good will in proportion to their shares, for they were the owners of the artificial body which they were permitted to erect. That this may have been a qualified right, so far as control is concerned, may be admitted, but such as it was they attempted to sell it to the complainant, and we are of the opinion that it was within the exception of the statute, reasonably construed. In this we are aware that we are at variance with the view taken by the learned court of California, and it is not without hesitation that we have felt constrained to reach a different conclusion. Counsel seek to distinguish that case from the present, but we think that it cannot fairly be distinguished. We cannot disapprove of the logic of that opinion, if its premises be admitted, but we think that it may reasonably be said that a stockholder in a corporation has such an interest in its business and good will within this statute, as to make a purchaser of such interest and good will a transferee of the same, which appears inconsistent with the view taken in that case.

We are of the opinion that the provision in the contract, "If you do so and do not fulfill on your part both in the spirit and language of this letter, you shall forfeit to me one thousand dollars, $1,000, per annum until the end of the five years from the time you shall not have acted in good faith in performing the terms of this sale," should be construed to provide for a penalty, and therefore that it does not preclude complainant from filing a bill for

specific performance.  It is within the rule stated in
*Daily* v. *Litchfield*, 10 Mich. 29, followed in *Powell* v.
*Dwyer*, 149 Mich. 145 (112 N. W. 499, 11 L. R. A. [N.
S.] 978).

The other points discussed by counsel do not require
elaboration.  It is enough to say that we cannot sustain
them upon this record.

The order is reversed, with costs, and the cause is re-
manded for further proceedings.

BLAIR, C. J., and MONTGOMERY, McALVAY, and
BROOKE, JJ., concurred.