THRELKELD *et al.* v. STEWARD *et al.*

No. 71.    Opinion Filed July 13, 1909.

(103 Pac. 630.)

1. EVIDENCE—Parol Evidence Affecting Writings—Contracts. In the absence of fraud, accident, or mistake, the terms of a written contract are not permitted to be varied by parol testimony; but evidence showing the relation of the parties and their profession or business, when not in conflict with the express terms or language of the contract, is admissible.

2. CONTRACTS—Injunction — Legality of Object — Restraint of Trade—Grounds—Sufficiency of Consideration. A contract restraining the practice of medicine and surgery in a particular locality, within a reasonable area, is valid.

2a. The practice of medicine and surgery within the prescribed limit, contrary to the provisions of such a contract, may be restrained by injunction.

2b. Courts will not, as a rule, inquire into the adequacy of the consideration of such contract.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; P. B. Cole, Judge.*

Action by C. A. Steward and others against W. C. Threlkeld and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*Harley & Lewis,* for plaintiffs in error.

WILLIAMS, J. The assignment of error will be considered under two heads: (1) As to whether or not there was error in

refusing to strike the amendment from the complaint; and (2) as to the granting of the temporary injunction.

1. It is a well-settled rule that, in the absence of fraud, accident, or mistake, the terms of a contract are not permitted to be varied by parol testimony. The bond and agreement herein are part of one entire contract, and are to be construed together. The bond recites:

"For and in consideration of the purchase by the said Steward & Deal of a certain drug business owned by the said W. C. Threlkeld in the town of Allen, and known as the Allen Drug Company, binds himself under this bond to protect the said Steward & Deal against all indebtedness of said Allen Drug Company, except amounts due the following firms. * * * The said W. C. Threlkeld, in consideration of the sale of the above-mentioned drug stock to the said Steward & Deal further binds himself under this bond that he will not engage in the drug business either directly or indirectly nor in any manner be connected with such business in the town of Allen, I. T., or within a radius of ten miles of said town, for a period of two years from the date of this instrument. The said W. C. Threlkeld further binds himself under this bond, that he will not engage in the practice of medicine in the town of Allen, I. T., or within a radius of ten miles of said town for a period of two years from the date of this instrument."

The contract of sale provides:

"The said W. C. Threlkeld further agrees to execute a bond in the sum of $1,000 that he will not engage in nor be connected with a drug business in the town of Allen, I. T., or practice medicine in Allen, I. T., or the vicinity thereof for a period of two years from the date of this instrument."

The amendment objected to by the plaintiff in error was, in effect, that the defendant in error C. A. Steward, of the firm of Steward & Deal, was and had been a practicing physician in the town of Allen and the surrounding country for seven years; that the plaintiff in error, W. C. Threlkeld, was also practicing physician at the date of the execution of said contract and bond at said town, and within a radius of 10 miles thereof, and that one of the inducements to plaintiff to make the purchase and to pay

the price mentioned was the agreement by said Threlkeld not to practice medicine within said area, and for the term mentioned in said contract and bond. This does not appear to vary or to be contradictory of any of the terms of either the contract of sale or of the bond. It shows the relation and situation of the parties, and the action of the lower court thereon was without error.

2. An agreement by a physician for a valuable consideration not to practice medicine and surgery at a designated·place within a reasonable distance is valid, and a breach of·such agreement will be· restrained by injunction, either to prevent a multiplicity·· of suits, or where the party is insolvent. *Whittaker v. Howe,* 3 Beav. 399, 49 Eng. Rep., Full Reprint (Rolls Court Book) 2, p. 153·; *Candler v. Candler,* Jac. 231; *Bunn v. Guy,* 4 East. 109; *Homer v. Graves,* 7 Bing. 735; *Mitchel v. Reynolds,* 1 P. Wms. 183, 24 Eng. Rep., Full Reprint (Chancery Book 4), p. 347; *Catt v. Tourle,* 4 L. R. (Ch. App. Cases) 654; *Davis v. Mason,* 5 T. R. 118; *Archer v. Marsh,* 6 A. & E. 959; *Hayward v. Young,* 2 Chit. 407; *Mallon v. May.* 11 M. & W. 652.; *Atkyns v. Kinner,* 4 Exch. Rep. 776; *Hastings v. Whitley,* 2 Exch. Rep. 611; *Chappel v. Brockway,* 21 Wend. (N. Y.) 158; *McClurg's Appeal,* 58 Pa. 51; *Butler v. Burleson,* 16 Vt. 176 (6 Vt. Ann. Ed. 55); *Beard v. Dennis,* 6 Ind. 200, 63 Am. Dec. 380; *Palmer v. Graham,* 1 Pars. Eq. Cas. (Pa.) 476; *Smalley v. Greene,* 52 Iowa, 243, 3 N. W. 78, 35 Am. Rep. 267; *Hedge, Elliott & Co. v. Lowe,* 47 Iowa, 137; *Jenkins v. Temples,* 39 Ga. 655, 99 Am. Dec. 482; *Holbrook v. Waters,* 9 How. Prac. (N. Y.) 335; *Dwight v. Hamilton,* 113 Mass. 175; *Linn v. Sigsbee,* 67 Ill. 77; *Gilman v. Dwight,* 13 Gray (Mass.) 356, 74 Am. Dec. 634; *Hoyt v. Holly,* 39 Conn. 326, 12 Am. Rep. 390; *French v. Parker,* 16 R. I. 219, 14 Atl. 870, 27 Am. St. Rep. 733; *Tillinghast v. Boothby,* 20 R. I. 59, 37 Atl. 344; *Gordon v. Mansfield,* 84 Mo. App. 367; *Wolverton et al. v. Bruce et al.,* 6 Ind. T. 135, 89 S. W. 1018; *Nobles v. Bates,* 7 Cow. (N. Y.) 307; *Pyke v. Thomas,* 7 Ky. 486, 7 Am. Dec. 741; *Haldeman v. Simonton,* 55 Iowa, 144, 7 N. W. 493; *Mandenville v. Harman,* 42 N. J. Eq. 185, 7 Atl. 37.

In the case of *Leghton v. Wales,* 3 M. & W. 551, the court said: "Since the case of *Hitchcock v. Coker* (6 Adol. & E. 438) the court cannot inquire into the extent or adequacy of the consideration." In the case of *Pierce v. Fuller,* 8 Mass. 223, 5 Am. Dec. 102, the pecuniary consideration of $1 was held sufficient to uphold the contract, wherein it was agreed, under liquidated penalty of $290, not to run a stage on a certain road. In 1 Smith's Leading Cases (9th Ed.) p. 708, it is held that the doctrine as to the adequacy of consideration has been entirely upset by the case of *Hitchcock v. Coker,* and that the true question is whether the contract is injurious to the public or not, and, if so, it is void; if not, the parties may contract for what consideration they please.

There is no discord in the authorities that, where the restraint is no more extensive as to area than the protection of the party with whom the contract is made reasonably requires, the public not being likely to be injured by such an agreement, every other person being at liberty to practice within such limits, such contract is reasonable and valid, unless otherwise vitiated. Whilst courts will scrutinize to determine whether or not the restraint be unreasonable, yet, as a rule, they will leave it to the parties themselves to make their terms in regard to the consideration thereof.

The question of duration is not raised in this record. See chapter 15, art. 4, § 91 (section 820) Wilson's Rev. & Ann. St. 1903, which does not apply to this case; the contract under consideration having been executed in the Indian Territory prior to statehood, where the common law relating to contracts governed.

The following rules are supported by both reason and authority: (1) That contracts restraining the exercise of a trade, etc., in particular localities, when there is reasonable ground for the restriction, are valid; (2) an agreement for a valuable consideration not to practice medicine within a reasonable distance of a designated place is not unreasonable, and the exercise of the profession within such prescribed limit may be restrained by injunc-

tion; and (3) the court will not inquire into the adequacy of the consideration. *McClurg's Appeal,* 58 Pa. 51.

In the case of *Dwight v. Hamilton, supra,* the bond ran from C. H. Hamilton to William Dwight, and was in words and figures as follows:

"The condition of this obligation is such, that whereas the said C. H. Hamilton has agreed with the said William Dwight to sell him his place in said Douglas, the land and building where he now lives, and his practice and good will as a physician, for the sum of fifty-five hundred dollars; now, if the said C. H. Hamilton shall convey to the said William Dwight, by a good and sufficient warranty deed, all of his aforesaid real estate in said Douglas, and fulfill his other agreements hereto, on or before the first day of April next, on the payment of him, by the said William Dwight, of the aforesaid sum of fifty-five hundred dollars. then this obligation shall be void, otherwise to remain in full force and effect."

The case was tried upon the following agreed statement of facts:

"That the defendant executed the bond set forth in the bill, and was paid the sum therein named, but that the consideration money came from, and the real estate was conveyed to the wife of the plaintiff by consent of all parties to the transaction. It is further admitted that in consequence of the signing of the bond the plaintiff removed his family to Douglass, and there commenced the practice of medicine, and that the defendant thereupon ceased to reside and practice medicine in said town, but after an absence of about 12 weeks returned to Douglas, and recommenced the practice of medicine in that town and its vicinity, and was engaged in such practice until the injunction was issued on the filing of this bill."

The decree in that case granting an injunction was sustained by the appellate court.

There being no question raised as to misjoinder or excess of parties plaintiff, no opinion is here expressed thereon.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

All the Justices concur.