R. M. DAVANT et al., Appellants,

v.

H. E. LANE, Appellee.

No. 6770.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 2, 1954.

Rehearing Denied Dec. 30, 1954.

Cornelius & Cornelius, Jefferson, for appellants.

Bryant W. Ferrell, Linden, for appellee.

FANNING, Justice.

Hampton, Kennedy and Hampton Lumber Company sued H. E. Lane for $1,400 on the covenant of general warranty in a timber deed, alleging that Lane sold the company, under general warranty of title, the merchantable pine timber, seven inches and over at the stump, situated and growing on the *East* one-half of Block No. 1 of the W. Edmondson Survey in Cass County, Texas, and alleging that Lane had no title to the land and timber in question.

Lane answered and filed a cross-action against R. M. Davant and Mrs. Otis M. Judson for $1,000, alleging that he had purchased the timber in question from them by deed under general warranty of title for $1,000, alleging that Davant and Mrs. Judson had no title to the land and timber in question, and Lane sought recovery in his cross-action for breach of warranty.

Davant and Mrs Judson in their first amended original answer after pleading a general denial, and after pleading specially that they were the owners of the pine timber on the *West* half of Block No. 1 of the W. Edmondson Survey in Cass County, pleaded as follows:

"III.

"Cross-defendants further say, that on or about May 6, 1949, they were approached by defendant H. E. Lane with an offer to purchase the merchantable pine timber, 7 inches and up, off the premises owned by them in the Edmondson HR Survey, Cass County, Texas, and an agreement was reached and the purchase price agreed upon; that the said H. E. Lane advised these Cross-defendants that he would forward a timber deed to them for their execution.

"IV.

"Cross-defendants say that they were foreign residents at the time of said transactions, and upon receipt of said timber deed from H. E. Lane, they, relying upon the integrity and accuracy of the said H. E. Lane, he then residing near said timber lands, executed same and returned to the said H. E. Lane.

"V.

"Cross-defendants would further say to the Court that there lies adjacent and joining their said 111.6 acres an identical tract of 111.6 acres and that said tract lies immediately and adjacent to their east line; that the said H. E. Lane, in his preparation of said timber deed, *did describe the premises lying to their east and belonging to other persons;* reiterating these Cross-defendants reliance upon the integrity and accuracy of the said H. E. Lane, they executed the timber deed received from H. E. Lane and specially prepared by him and returned to his, H. E. Lane's, address and received the agreed satisfaction therefor. (Italics ours.)

"VI.

"Cross-defendants say they believe, and have reason to believe, there was timber of considerable more value then standing upon the east one-half of said Block No. 1, Edmondson survey; that the defendant herein well knew this, and with the full knowledge of cross-defendants' absence and of their foreign residence, did deliberately and wilfully present the wrong description contained in his deed as was forwarded to these Cross-defendants, intending to take advantage of their absence and unfamiliarity with the premises owned by them in said Edmondson survey, Cass County, Texas; that said misrepresentation was through fraud, accident, or mistake upon the part of Cross-plaintiff herein.

"Wherefore, premises considered, Cross-defendants pray judgment of the Court that Cross-plaintiff take nothing by his suit and that Cross-defendants go hence with their costs."

It was undisputed that neither Davant, Mrs. Judson nor Lane had or held title to the East half of Block 1 of the W. Edmondson Survey. The proof also showed that the lumber company (who had purchased the timber in question from Lane under covenants of general warranty) started cutting the timber on said tract (the *East* half) and was advised to desist therefrom by Grogan, the actual owner of the timber in question,

and said lumber company later paid Grogan for the timber so cut.

Ted Davant, a brother of R. M. Davant, testified that in negotiating the sale of the timber in question to Lane (on behalf of his brother and Mrs. Judson, and in which he said he, too, was interested), he told Lane that he did not know whether there was any timber on the land or not, that he did not know what they owned, and he "did have a deed to it, at one time but it got burned up in that fire at Jefferson in the lawyer's office over there." He further testified that at the time he was talking to Lane (prior to the sale) he did not know whether they owned "the east half or the west half." He further testified that he told Lane, "We owned the Judson tract; that he could find a description and probably it could best be by the oil lease that I sold to Phillips Oil Company in 1935." He further testified that Lane called him and told him that he had sold him the wrong timber and Davant said: "I don't guess I did, because I told you that I didn't know what timber there was, and if you made a mistake, I signed the right deed to it."

Mr. R. M. Davant, among other things, testified that his brother Ted Davant sent him the timber deed in question and that he executed same without checking it, and sent it to Mrs. Judson, for her execution thereof. He also testified that at the time he signed the deed he was not familiar with, and had never been on the land, that when he received the deed he had no field notes or other title evidence to check the description in the timber deed. He further testified: "Well, I was informed by Ted, my brother, that Mr. Lane was going to the abstract office and get the field notes from the records and I relied on Mr. Lane's ability to get the field notes." Both he and his brother testified that the deed placing title in Davant and Mrs. Judson to the West half of Block 1 of the survey in question was on record at the time of the execution of the timber deed to the East half of said block. R. M. Davant was asked the question: "At this point, Mr. Davant, you have received money for something you didn't own, isn't

that true?" to which he answered, "Yes, it is true." Mrs. Judson did not testify.

Although appellants filed no pleadings alleging that Hampton, Kennedy and Hampton Lumber Company or anyone else had cut timber they owned on the *West* half of Block 1 of the W. Edmondson Survey, they attempted to prove that said lumber company cut such timber but no one testified that either Hampton, Kennedy and Hampton Lumber Company or any of its agents or Lane cut such timber.

At the conclusion of all evidence and after all the parties announced that they rested, motion was made by the lumber company for an instructed verdict or that such cause should be withdrawn from the consideration of the jury, and for judgment against Lane. A similar motion was made by Lane seeking judgment on his cross-action against Davant and Mrs. Judson. The court after considering such motions stated that he felt that such motions were good and that he would grant such motions as there were no fact issues to go to the jury, but that he would give counsel for cross-defendants until the next morning to show the court why such motions should not be granted, by presenting a brief to the court in support thereof. The next morning cross-defendants offered an amendment to their pleadings (the substance of which is not shown in a bill of exceptions or in the record) purportedly setting up the plea of "estoppel." The court refused such plea as coming too late at that state of the trial and stated that to permit the filing of such plea at that time would come as a surprise to the other parties to the cause and would necessitate the re-opening of such cause of action in its entirety.

The trial court withdrew the case from the jury and rendered judgment in favor of the lumber company against Lane in the amount of $1,400 (from which judgment Lane has not appealed) and rendered judgment in favor of Lane on his cross-action against R. M. Davant and Mrs. Judson in the amount of $1,000. R. M. Davant and Mrs. Judson have appealed from the judgment rendered against them in favor of Lane. Upon request of appellants the trial court filed findings of fact and conclusions of law. Our statement of the case above is in accord with the findings and conclusions of the trial court and with the record in this case.

■ Appellants (in their third point) contend that the trial court erred in finding that cross-defendant's first amended original answer was insufficient to constitute a plea of estoppel. We overrule this point. The pleadings in question (hereinbefore quoted) is wholly devoid of one of the essential elements of estoppel in that there are no allegations that Davant and Mrs. Judson *acted to their detriment or suffered any injury by reason* of Lane's actions or representations in connection with placing an incorrect description of land in the deed in question. See the following authorities: 17 Tex.Jur., Estoppel, Sec. 9, p. 137; Hill v. Engel, Tex.Civ.App., 89 S.W.2d 219, writ ref.

Appellants in their points 1, 2, 4, 5, 6, 7, 8 and 9 contend (in essence) that the trial court erred: (1) In refusing to submit three special requested issues; (2) in finding as a fact that there was no testimony of probative force that Lane represented to cross-defendants that they were the owners of the land described in the deed in question; (4) in refusing to permit cross-defendants to file a trial amendment; (5) in withdrawing the case from the jury in view of testimony with respect to Lane's agreeing to procure correct field notes to place in the deed in question and appellants' reliance thereon, etc.; (6) in finding as a fact that Lane made no representations to appellants that the land in question was owned by appellants; (7) in finding as a fact that there was no testimony of probative force to support cross-defendants' pleadings to the effect that Lane knowingly represented to the cross-defendants that they were the owners of the timber and land as described in the deed in question; (8) and (9) in not submitting issues to the jury as to whether plaintiff lumber company cut appellants' timber on the West one-half of Block 1, etc.

Appellee presents two counterpoints where he contends (in essence) that: (1) The trial court correctly acted within his

discretion in refusing to allow appellants to file their trial amendment; and (2) the action of the trial court in withdrawing the case from the jury and granting appellee a judgment upon breach of warranty was proper since there was no contested issue and appellants failed to develop any theory of defense to the suit of appellee.

The undisputed facts of this case show that appellants executed the timber deed in question in favor of Lane, which deed contained covenants of general warranty, for which Lane paid them $1,000 in cash, and which deed described land that appellants did not own. Unquestionably appellee pleaded and proved a case of breach of warranty and was entitled to a judgment against appellants for $1,000, unless the appellants pleaded and proved a defense to the suit.

We have already held in this opinion that cross-defendants' first amended answer did not constitute a plea of estoppel. We hold further that there is no evidence of estoppel in this case because the record is devoid of any evidence that appellants suffered any injury or detriment by reason of their executing the timber deed on land they did not own. In Hill v. Engel, Tex. Civ.App., 89 S.W.2d 219, 221, writ refused, it is stated:

> "In order for one to establish a plea of estoppel it is essential that he allege and prove not only that the misleading statements and representations were made by the parties sought to be estopped, but that he actually believed and relied on said representations and was misled to his injury thereby. * * *" (Italics ours.)

In Kuykendall v. Spiller, Tex.Civ.App., 299 S.W. 522, 527, writ refused, it is stated:

> "An estoppel cannot be invoked as an instrumentality of gain or profit; it can operate only to protect the person invoking it in a right which he has already acquired and which he would lose unless the party against whom it is urged is prevented from asserting a conflicting right which would be su-

perior to that of the person invoking the estoppel."

In McLemore v. Bickerstaff, Tex.Civ.App., 179 S.W. 536, 538, writ refused, it is stated:

> "The only injury of which he [grantee] can complain is the failure to obtain something for nothing."

There is no evidence in the record that Lane obtained anything of value from appellants either by fraud, accident or mistake. However, appellant R. M. Davant did admit that he and Mrs. Judson obtained $1,000 from Lane for selling him timber they did not own.

Appellants contend in their brief that they have lost timber on the *West* half of *Block 1*, which loss is indeed regrettable, but there were no pleadings nor evidence of probative force presented in the trial connecting the loss of timber on the *West* half of Block 1 to either the appellee Lane or to the plaintiff lumber company. We have carefully reviewed the statement of facts and find that no witness testified that either plaintiff lumber company or any of its agents or appellee Lane cut timber on said *West* half and we also find that there is no direct or circumstantial evidence of probative force sufficient to take any issue to the jury as to whether plaintiff lumber company or appellee Lane cut timber on such *West* half of said Block 1.

We also hold that the trial court in the light of the record in this case did not abuse his discretion in refusing to allow appellant to file their trial amendment, at the time and under the circumstances they attempted to file same, purportedly pleading "estoppel". See the following authorities: Rule 66, T.R.C.P., and Yeakley v. Gaston, 50 Tex.Civ.App., 405, 111 S.W. 768.

We think appellee's counterpoints are well taken and we sustain them.

We have carefully considered all of appellants' points and respectfully overrule same.

The judgment of the trial court is affirmed.