### F. P. HULEN v. J. W. EAREL.

(Filed September 10, 1903.)

1. **CONTRACT IN RESTRAINT OF TRADE—Invalid, When.** H and E who were physicians, practicing their profession at Pond Creek, as co-partners, entered into a written contract for the dissolution of the co-partnership, H purchasing the property of the co-partnership, and E agreeing not to practice medicine in the vicinity of Pond Creek: Held, that such contract is invalid, and in violation of sections 819, 820 and 821 of Wilson's Revised Statutes.

2. **INJUNCTION—Remedy.** Injunction is the proper remedy to prevent the breach of such a contract, when the same conforms to the provisions of sections 819, 820 and 821 of Wilson's Revised Statutes.

3. **PETITION—Does not State Cause of Action, When.** A petition which sets forth such contract, together with all the inducements thereof, alleging that the plaintiff has fully executed the same on his part, and that the defendant is violating the terms of the contract by practicing his profession in the city of Pond Creek and vicinity thereof, does not state a cause of action.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before James K. Beauchamp, Trial Judge.*

*Mackey & Simons,* for plaintiff in error.

*Denton, Dodson & Denton* and *W. H. C. Taylor,* for defendant in error.

### STATEMENT OF FACTS.

This action was commenced in the district court of Grant county, by the plaintiff in error against the defendant in error, to enjoin the defendant from practicing his profession as a physician in the city of Pond Creek, and the vicinity thereof. The plaintiff and defendant had been engaged in business together, practicing their profession, with an office in the city of Pond Creek, and on April 28, 1902, the co-partnership existing between them was dissolved, and at the same time a contract was entered into, by the terms of which the plaintiff purchased the defendant's interest in the property in which they had been doing business, together with the drugs, wares and merchandise owned by the parties, agreeing to pay therefor the sum of $1,450.00. Among other things, the contract contains the following:

"Said party of the second part, upon the payment of said sums of money, and the performance of the agreements herein, covenants and agrees not to engage in the practice of medicine in the vicinity of Pond Creek, Oklahoma."

A copy of the contract is attached to the petition as an exhibit.

The petition alleges:

"That plaintiff now is and was at all times herein referred to, a practicing physician and surgeon living in the city of

Pond Creek, Oklahoma Territory, and carrying on the practice of his said profession in the city of Pond Creek and the vicinity of said city.

"That said defendant is by profession a physician and surgeon, and prior to the 28th day of April, A. D. 1902, the said plaintiff and defendant were engaged in business as co-partners, carrying on the practice of their profession together as a partnership, with their office in said city of Pond Creek and the vicinity thereof.

"That on the 28th day of April, A. D. 1902, the said plaintiff and defendant, by mutual agreement, dissolved said co-partnership and entered into a contract in writing for the dissolution of said partnership, and other purposes. A true and correct copy of which said contract in writing is hereto attached, marked exhibit 'A,' and incorporated into and made a part hereof.

"That by the terms of said contract the plaintiff purchased the interest of the defendant in the building theretofore occupied by said parties as an office, and in consideration of the dissolution of said partnership and the making of said contract, and the purchase, by plaintiff of defendant, of said building aforesaid, defendant agreed with the said plaintiff, that upon the payment of the sums of money specified in said contract and the performance of the agreements therein contained, that he, the said defendant, would not engage in the practice of medicine in the vicinity of Pond Creek, Oklahoma Territory, which said agreement is contained in and shown by the terms of said written contract, hereto attached and marked exhibit 'A.'

"Plaintiff alleges that he, on his part, has fully performed the terms and conditions of said contract and has paid the sums of money therein specified, and is entitled to have the defendant keep and perform, on his part, the terms and conditions of said contract, and refrain from the practice of medicine in the vicinity of Pond Creek, Oklahoma Territory.

"Plaintiff alleges that notwithstanding the performance by him of the terms of said contract, the said defendant in disregard of and in violation of the terms of said contract aforesaid, has engaged in the practice of medicine, and does now engage in the practice of medicine in the city of Pond Creek and vicinity thereof, in competition with the plaintiff, and in utter disregard of said contract, and will continue to practice medicine in the city of Pond Creek and vicinity thereof in violation of the terms and conditions of said contract, unless enjoined and restrained from so doing by the court.

"That, if said defendant continues to practice medicine as aforesaid, in the city of Pond Creek and vicinity thereof in violation of said contract, it will result in a great detriment and loss of money to this plaintiff, and it is impossible to estimate or compute the amount of the loss which will result to the said plaintiff, if the said defendant continues to violate his said agreement, as aforesaid.

"That it is wholly impossible for this plaintiff to detect all the violations by the defendant of his said agreement, and the plaintiff is and will be unable to detect all such violations, and unless the defendant is enjoined from such violations, the said plaintiff will be wholly without redress, and will be unable to realize any benefit from the covenant aforesaid, contained in said contract, between plaintiff and defendant, and for which the plaintiff paid a valuable consideration.

"That the said plaintiff has, in every respect, performed all the covenants and conditions in said contract required by him to be performed.

"Plaintiff alleges that he has no adequate remedy at law, and that this is a proper case for the intervention of a court of equity.

"Now therefore plaintiff demands judgment against the said defendant, restraining and enjoining the said defendant from engaging in the practice of medicine in the city of Pond Creek and vicinity thereof."

In the absence of the judge of the district court from the county, a temporary order of injunction was issued by the probate court. Thereafter a motion was made to dissolve the same, which was overruled. The defendant then filed his demurrer to the petition, on the ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. The cause coming on to be heard in the district court upon this demurrer, the same was sustained by the court, and the plaintiff refused to plead further, and electing to stand upon his petition, judgment was rendered against him for costs of the action, from which judgment the plaintiff appeals to this court.

Opinion of the court by

PANCOAST, J.: The argument in this case has taken a wider scope than is deemed necessary to enable the court to pass upon the questions contained in the record. Judgment was rendered upon the demurrer.

The contract which is the basis of this action belongs to that class of contracts denominated in restraint of trade; and it is contended in this case that because of being in restraint of trade, it should not be upheld. Whatever may have been the origin of the common law rule, where there is no statutory provision controlling, it has been well settled that where a contract of this class contains three essential requisites, it will be upheld. Those are as follows: First, the contract must be partial, or restricted, in its operation, in respect of either time or place; second, it must be on some good consideration; third, it should afford only a fair protection to the interests of the party in whose favor it is made, and must not be so large in its operation as to interfere with

the interest of the public.   (*Cook v. Johnson,* 47 Conn. 175.)
This contract is only partial.   It is restricted in its opera-
tion as to place.   The consideration for the whole contract
was $1,450.   It can hardly be said that it afforded anything
more than a fair protection to the interests of the party who
purchased the property and the business, and it is not so
large in its operation as to interfere with the interests of the
public.

These contracts do not seem to be unusual.   The books
are full of such cases, and probably more of those between
physicians than of any other profession or trade.   They have
been uniformly upheld by the courts of several states, where
they have not been controlled by statutory provision, and
equity has always granted relief by injunction to restrain a
breach, for the reason principally  that  the injury arising
from such breach cannot be estimated or repaired.   A suit
at law affords no adequate remedy, and the damage being
continuing, and accruing from day to day, the object of the
contract can only be obtained by the parties to the contract
conforming to its express terms.   It is, therefore, very proper
for a court of equity to enforce such a contract by granting
an injunction to prevent a breach, when it is within the rules
laid down, and within the rules of the controlling statute.

This is not like an action to compel the performance of
an unexecuted contract.  The allegations in the petition show
that this agreement was fully executed on the part of the
plaintiff.   It would be impossible for the court to restore
the parties to their original condition, nor could a jury give
any adequate compensation.   A very interesting case cover-
ing this class of contracts is the case of *McClurg's Appeal,*

58 Pa. St., 51. (See also *Gray v. Walton,* 107 N. Y. 254; *Guerand v. Dandelet,* 32 Md. 561.) In this last case it was objected that the restriction was too comprehensive, and that it was indefinite as to time, and prevented the party from exercising his trade at any place within the city of Baltimore, and that it was therefore void. The court, however, did not give this construction to the contract. It was there held that there was nothing in it to render it subject to that objection; and that the authorities upheld restrictions more comprehensive than those imposed in this contract.

One of the controlling features in all of the cases upon this subject seems to be that if such contracts are not upheld, the subject-matter would not be saleable. The general rule of contracts in restraint of trade was doubtless founded upon the policy of the law which favored trade and enterprise. The exception to that rule was in furtherance of the rule itself, and if it should be held that a party selling the good-will of a business, together with other property, could not be restrained from a breach of the contract, more injury would result to trade and enterprise than if such contracts should be upheld.

The case of *Roller v. Ott,* 14 Kan. 609, is very analogous to the case at bar, as the contract contains all the essentials of the contract set forth in this case, and the case was there decided upon a demurrer to the petition. It was also there claimed that the contract was void for want of consideration, and because it was in restraint of trade, and therefore against public policy. Kansas seems to have no statute controlling this class of cases, and the court there said that the sufficiency of the consideration for the contract was so obvious that it was unnecessary to discuss it; that the closing of the co-part-

nership existing between the parties, the final settlement, and the dissolution of the same, was sufficient consideration for the contract. And further, that the contract being in writing, it would import a consideration, whether there was any real consideration shown upon the face of it or not. That the mere silence of the petition or contract would not show that there was no consideration, but where the petition does not show affirmatively that 'there was no consideration, it will be presumed, *prima facie*, that there was a consideration. That the contract was not void as being in restraint of trade, because it only bound individuals. (See also *Linn v. Sigsbee,* 67 Ill. 75.)

It is, however, claimed by defendant in error, that the contract showed the co-partnership to have been dissolved prior to its execution. This is a question that will more properly arise upon the trial of the case, if it should ever reach that stage.

It is also contended that the contract set out in the petition shows that the good will was not attempted to be sold. However, by the language of the contract, the defendant agreed not to engage in the practice of medicine in the vicinity of Pond Creek. This clause would seem to direct itself quite pointedly to the question of good will, and would seem to indicate very strongly that the good will of the business was one of the material features of the contract.

But no matter what may be the rule in other states governing this class of contracts, we have a statute which governs such contracts in this territory. It is claimed that the contract is prohibited by sections 819, 820 and 821 of Wilson's Revised Statutes. Section 819 is as follows:

"Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void."

Section 820 is as follows: "One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer, or any person deriving title to the good will from him carries on a like business therein."

Section 821 provides: "Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof."

It will be noticed that section 820 of this statute provides that one who sells the good will of a business may agree to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer or person deriving title to the good will carries on a like business therein. The contract evidently does not come within the provisions of this section, as it provides that the defendant shall not engage in the practice of medicine in the vicinity of Pond Creek, Oklahoma, without any limitation. It will be seen that the contract is in violation of section 820, because it is not limited to a time during which the plaintiff should carry on a like business. Nor does the contract come within the provisions of section 821, as that section seems to provide that partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof. That is, not that any one of them

will refrain from carrying on a similar business, but they may agree that none of them will do so. In other words, it seems that this statute is intended to provide that where a partnership is dissolved, there may be an agreement that neither of the partners will carry on a similar business at the place where the partnership business has been conducted. In other words, that the entire business' shall cease, and that no partner shall be allowed to continue the same.

Giving these three sections of the statute a fair and reasonable construction, it is plain that the contract under consideration was not drawn in the light of either of them, and we see no reason why we should stretch or vary the contract in order to try to make it conform to these sections of the statute. It would have been an easy matter for the parties to this suit to make a contract complying strictly with these provisions.

It is also contended that the language of the contract is ambiguous, in that it provides that the defendant shall not practice medicine in the vicinity of Pond Creek, Oklahoma. While it may be that the contract is more or less ambiguous, because of the use of the language "in the vicinity of Pond Creek," yet owing to the conclusion we have reached, that it does not fairly come within the provisions of the statute. referred to, it is unnecessary to discuss that feature of the case. The demurrer therefore was properly sustained, and the judgment of the court below is affirmed.

Beauchamp, J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.