## WALL v. CHAPMAN.

No. 12357—Opinion Filed Oct. 25, 1921.

Rehearing Denied Dec. 13, 1921.

(Syllabus.)

1. Contracts—Interpretation — Statute.

Section 946, Revised Laws 1910, provides: "A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful."

2. Good Will—Contract for Sale of Dentist's Business.

The obvious intent of a contract for the sale of all tools, furniture, and equipment of the office of a dentist to another dentist, coupled with an agreement by the seller not to enter into a like business in the same town for a period of five years, is to sell the good will of the business.

3. Same—Validity of Contract — Restraint of Trade.

Under section 979, Revised Laws 1910, providing that the seller of the good will of a business may agree to refrain from carrying on a similar business within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the business from him carries on a like business, where the parties entered into a contract for the sale of said business and obligated the seller to refrain from engaging in like business in said town for five years, the contract was valid and enforceable by the purchaser, who was carrying on the business a year after the contract was entered into.

4. Same—Breach of Contract by Seller— Injunction by Buyer—Sufficiency of Petition.

The petition examined, and held sufficient to state a cause of action, and it was error for the trial court to sustain a demurrer thereto.

Error from District Court, Murray County; T. P. Clay, Assigned Judge.

Action by Thomas P. Wall against A. D. Chapman to restrain breach of contract of sale of business good will. Judgment for defendant, and plaintiff brings error. Re-versed and remanded, with instructions.

Walter E. Latimer and Broadbent & Rawlings, for plaintiff in error.

Young, McKenzie & Haste, for defendant in error.

McNEILL, J. Thomas P. Wall commenced this action in the district court of Murray county against A. D. Chapman to enjoin the defendant, Chapman, from engaging in the practicing of dentistry in the city of Sulphur in violation of a written contract. The petition alleges, in substance, that the plaintiff is and has been engaged in the practice of dentistry in the city of Sulphur for more than ten years and on the 26th day of May, 1920, Chapman was likewise engaged in the practice of dentistry at Sulphur. That on said date the plaintiff and defendant entered into a written contract in consideration of $1,000 whereby Chapman sold to T. P. Wall all of his tools, equipment and office furniture, and the contract further provided:

"As a further consideration of this contract second party hereby agrees and contracts that he will abstain from the practice of dentistry in the city of Sulphur, Oklahoma, for the term of five years from the date of the execution of this contract, unless this clause shall be by the first party specifically waived in writing."

The petition further alleges that the plaintiff took possession of the office, tools, and equipment, and a short time thereafter the defendant, Chapman, opened an office in Sulphur for the practice of dentistry, and has practiced since said time. A temporary injunction was issued. Thereafter the defendant, Chapman, filed a demurrer to the petition for the reason the contract shows upon its face it was made in restraint of trade and not enforceable. The trial court sustained the demurrer, and plaintiff elected to stand on his petition, and the court dismissed said petition, to all of which plaintiff excepted and gave notice of appeal and perfected his appeal to this court.

The defendant in error first contends that no notice of appeal was entered upon the trial docket as provided by chapter 219, Session Laws 1917. The judgment of the court recites that the plaintiff excepted to the ruling of the court in sustaining the demurrer and dismissing the case and gave notice in open court of his intention to appeal, and for good cause shown was granted an extension of 30 days in which to prepare and serve case-made, and the case-made was served and signed within the time provided by the order of the court and the appeal filed in this court within six months. These

facts being recited in the judgment of the court, the appeal is properly before this court.

It is agreed by the parties that the only question is whether the contract is in restraint of trade and void.

Section 978, Revised Laws 1910, provides:

"Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void."

Section 979, Revised Laws 1910, provides:

"One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer, or any person deriving title to the good will from him carries on a like business therein."

It is contended that the contract does not refer to the "good will," and the court cannot read that into the contract. This contract, like all others, must be interpreted so as to give effect to the mutual intention of the parties. See section 946, Revised Laws 1910. The same kind and character of contract was upheld by this court in the case of Threlkeld v. Steward, 24 Okla. 403, 103 Pac. 630.

The identical kind and character of contract was before the Court of Appeals of California, being Shafer v. Sloan, 85 Pac. 162. The court in the third syllabus paragraph stated as follows:

"The obvious intention of a contract for the sale of a business, coupled with an agreement by the seller not to engage in the business in the same town so long as the buyer continues in business, is to sell the good will of the business."

Under the facts pleaded and the contract itself it is apparent it was the intention of the parties that the sale of the good will of the business was within the terms of the contract.

It is, contended, however, that the contract is void for the reason it does not come within section 979, Revised Laws 1910, for the reason it does not provide that the same shall only continue so long as the buyer or his assigns carry on a like business. It is argued that the contract, to be lawful, should contain a provision that the defendant should abstain from the practice of dentistry during the time the plaintiff and his assigns were carrying on the business in the town of Sulphur.

The court, in the case of Threlkeld v. Steward, supra, stated as follows:

"An agreement by a physician for a valuable consideration not to practice medicine and surgery at a designated place within a reasonable distance is valid, and a breach of such agreement will be restrained by injunction, either to prevent a multiplicity of suits or where the party is insolvent."

In the above case Mr. Justice Williams, writing the opinion, cited a long list of authorities supporting the above proposition. The state of California has a section of the statute identical with our state. In the case of Akers v. Rappe, 158 Pac. 129, the Court of Appeals in the second paragraph of the syllabus announced the law as follows:

"Under Civ. Code § 1674, providing that the seller of business good will may agree to refrain from carrying on a similar business in the locality as long as the buyer or his assigns carries on a like businesss therein, where a good will sale contract obligated the seller to refrain from such business for 20 years, contract was valid and enforceable by the assignee of such good will, who was carrying on the business six years after the contract."

The defendant in error contends, however, that the Supreme Court of Oklahoma Territory held to the contrary in the case of Hulen v. Earel, 13 Okla. 246, 73 Pac. 927, holding a similar contract void. To this we cannot agree. The court in that case held that the contract did not come within either section 819, 820, or 821 of Wilson's Revised Laws 1903, which are sections 978, 979, 980, Revised Laws 1910. The contract involved in that case contained no limitation as to the time limit during which the purchaser should carry on a like business. The court in the opinion stated as follows:

"It will be seen that the contract is in violation of section 820 because it is not limited to a time during which the plaintiff should carry on a like business."

The contract in the instant case limits the time to five years. Therefore it is not subject to that objection. The petition alleges that the plaintiff was engaged in the practice of dentistry at Sulphur and the contract provides that the defendant should not engage in the practice of dentistry for a period of five years at said place, and the petition states a cause of action. If the petition did not disclose that the plaintiff or his assignees were engaged in the practice of dentistry at Sulphur, then the demurrer might be sustained; but where the petition alleges this fact, and the demurrer admits the same, the petition states a cause of action. We therefore conclude the court committed error in sustaining a demurrer to the petition.

For the reasons stated, the judgment of the trial court is reversed and remanded, with instructions to set aside the order dis-

missing the case and to overrule the demurrer.

HARRISON, C. J., PITCHFORD, JOHNSON, and ELTING, JJ., concur.