## HARTMAN v. EVERETT.

No. 20972. Opinion Filed June 14, 1932.

Blake & Smith, for plaintiff in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

HEFNER, J. This is an action originally brought in the justice of the peace court of Tulsa, by A. B. Hartman against E. E. Everett to recover the balance due on two promissory notes in the sum of $130, together with interest and attorneys fees. Trial in the justice court resulted in judgment in favor of plaintiff. Defendant appealed to the court of common of Tulsa county. The defense was that these notes, together with others, were given to plaintiff to secure the balance of the purchase price of 48 shares of stock in the Hunter's Horn Publishing Company; that the contract entered into between the parties for the purchase of these shares was in restraint of trade and void; and that no recovery could therefore be had on the notes. The trial court sustained this contention and entered judgment in favor of defendant. Plaintiff asserts that the judgment is contrary to law.

There is no dispute as to the facts. It appears that on May 17, 1928, plaintiff entered into an agreement with defendant to sell him 48 shares of stock in the publishing company, and that defendant agreed to pay therefor the sum of $1,500. He paid $500 in cash, and executed promissory notes of $75 each for the balance of the purchase price, due monthly. The contract for the sale of stock contains the following provision:

"Party of the first part further agreeing not to engage in or be interested in in any way the editing, publishing, or managing of a fox, wolf or hound magazine anywhere within the bounds of the United States for a period of five years from the date of these presents."

Sometime after the execution of the contract, and the payment of the $500 and several of the notes, plaintiff started publishing a new magazine near Sand Springs, Okla., in Tulsa county. The publication was called "Hunter and Hounds," and covered the same field of operation as the former publication in which plaintiff owned the 48 shares of stock. Defendant sought to enjoin plaintiff from publishing the new magazine by an action in the district court of Tulsa county. The court denied the injunction, but refused to pass upon the legal rights of the parties under the contract.

In its decree in that action, however, the court protected defendant in the purchase of the good will of the concern from plaintiff and entered a mandatory decree directing plaintiff to deliver to defendant a list of those subscribers who were subscribers to the former publication in which plaintiff had an interest.

It is defendant's contention that, since plaintiff has refused to comply with the contract and has started a new publication and defended the injunction suit on the ground that the contract prohibiting his engagement in the business of operating a fox or wolf magazine anywhere in the United States was void as being in restraint of trade, the entire contract is void and no recovery can be had on the notes. We do not agree with this contention. In our opinion, this case is governed by the rule announced by this court in the recent case of Wesley v. Chandler, 152 Okla. 22, 3 P. (2d) 720. It is there said:

"In Oklahoma restraints of trade are permitted in connection with the sale of a business, trade, or professional practice, the permissible limits being fixed by statutes which declare such agreements void only as to an excess of time or space, and the statutes only invalidate the excess even though there is only one agreement and it has not been expressly divided by the parties."

In paragraph 6 of the syllabus, the following rule is announced:

"It is not decided whether a conveyance of a business, trade, or professional practice, where the agreement was partly in illegal restraint of trade, can ever be rescinded, but at least after rescission has become impracticable, each party is bound, and if the unenforceable part of the agreement does not go to its root, they are both bound on their promises, notwithstanding that one is indivisible; in such case the indivisible promise being enforced in the proportion that the legal and enforceable part of the agreement bears to the whole agreement. * * *"

Defendant does not seek to rescind the contract. It was partially performed on both sides. The unenforceable part of the agreement does not go to its root and both parties are therefore bound thereby in so far as it is legal; and plaintiff is entitled to recover thereon in the proportion that the legal or enforceable part bears to the whole agreement. Under sections 5071 and 5072, C. O. S. 1921, the contract in question is not absolutely void, but is only void as to that portion which provides that plaintiff is restrained from publishing and editing a magazine of like kind anywhere in

the United States. The contract is valid in part. The 48 shares of stock in the Hunters Horn Publishing Company, purchased by defendant, were delivered to him. He has been protected by injunction in the good will of the business purchased from plaintiff, and, under the above authority, he is liable on the contract in such proportion as the legal or enforceable part thereof bears to the entire contract. Defendant is entitled to recover from plaintiff whatever damage he has suffered by reason of plaintiff's operation in Tulsa county.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER. C. J., CLARK, V. C. J., and CULLISON, J., absent.