## McAVOY et al. v. NELSON GRAIN CO.

No. 22114. Dec. 11, 1934.

Rehearing Denied Jan. 8, 1935.

A. J. Welch, for plaintiffs in error.

Meacham, Meacham & Meacham, for defendant in error.

CULLISON, V. C. J. The Nelson Grain Company, a partnership, as plaintiff, filed suit against R. B. McAvoy and J. W. Matthews, partners doing business as the Thomas Grain Company, defendants, seeking to recover the amount alleged to be due upon a verbal contract entered into between plaintiff and defendants whereby plaintiff leased to defendants its grain elevator located at Oakwood, Okla., for a period of one year at a rental value of $600.

Defendants answered, pleading that plaintiff and defendants owned competing grain elevators at Oakwood, Okla.; that the agreement was that defendants would pay plaintiff $50 per month for plaintiff to keep its elevator closed; that plaintiff would sell its right to operate its elevator and would not open or operate said elevator during the existence of said agreement; that said agreement was to destroy legitimate competition in trade, was against public policy, illegal, and void.

Upon the issues as framed, the case was tried to a jury and resulted in judgment for plaintiff. Defendants appeal from said judgment and contend that the alleged verbal lease was not a lease, but was a contract in restraint of trade, against public policy, and therefore void.

Defendants contend that said alleged contract is void under the provisions of section 9492, O. S. 1931, which is our section pertaining to contracts entered into in restraint of trade, and provides for the voiding of contracts in conflict with said section.

The question of the validity or invalidity of contracts which in a way violate the provisions of section 9492, O. S. 1931, has been thoroughly discussed by this court in the recent case of Wesley et al. v. Chandler, 152

Okla. 22, 3 P. (2d) 720, and followed in the more recent case of Hartman v. Everett, 158 Okla. 29, 12 P. (2d) 543.

Under the recent decisions of this court, cited supra, this court permits recovery upon a contract which has been partly performed by both parties, where the unenforceable part of the contract does not go to the very root of the contract and will permit recovery upon the legal parts of such contract.

We further observe that in the case at bar defendants entered into said contract and operated under the same for a period of two months during the principal wheat shipping season, to wit, June and July, and thereafter refused to abide by said contract, after having derived the principal benefits to be derived under the terms of the same, and seek to defend upon the illegality of said contract.

Defendants were agreeable to abide by the terms of the contract so long as it was advantageous to them, and cannot now be permitted to breach the same and procure relief from the burdens thereof.

Under the facts and circumstances in the case at bar, the contention of defendants that there was no liability because said contract was void because the same was in restraint of trade is not well founded.

This disposes of the principal question of error presented by defendants' brief, and we do not consider the other specification of error of sufficient importance, when considered in connection with the record and authorities in said cause, to justify further consideration.

Judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, BAYLESS, and WELCH, JJ., concur.