### KEY et al. v. PERKINS.

No. 23260. Feb. 12, 1935.

Rehearing Denied June 25, 1935.

H. W. Carver and A. M. Wilson, for plaintiffs in error.

C. Guy Cutlip and Thos. J. Horsley, for defendant in error.

PER CURIAM. The plaintiffs in error, W. S. Key, Ben D. Floyd, and Key Hardware Company, a corporation, instituted this action in the district court of Seminole county, seeking to enjoin the defendant in error, M. H. Perkins, from entering into and carrying on a hardware, furniture, and undertaking business in the city of Wewoka, in alleged violation of the terms of a contract entered into on the 25th day of February, 1928, by and between the said W. S. Key, Ben D. Floyd, and M. H. Perkins, the essential part of which contract is as follows:

"That for and in consideration of the sum of $15,000, and other considerations hereinafter referred to, the said M. H. Perkins, party of the first part, hereby sells, transfers, and conveys to the said W. S. Key and Ben D. Floyd, parties of the second part, all his right, title, and interest in and to the Key Hardware Company, a corporation, of Wewoka, Okla.

"As a further consideration for the purchase by the parties of the second part, the said M. H. Perkins hereby agrees and binds himself to not engage in the hardware, furniture or undertaking business in the city of Wewoka, as long as the parties of the second part continue in the hardware, furniture or undertaking business in Wewoka, Okla."

At the conclusion of plaintiffs' testimony, the court sustained a demurrer thereto and rendered judgment denying the injunction prayed for by plaintiffs.

The testimony shows, and it is conceded by the parties, that the plaintiffs in error W. S. Key and Ben D. Floyd and the defendant in error, M. H. Perkins, were the principal if not all the stockholders and owners of the Key Hardware Company, a corporation, engaged in business in the city of Wewoka, the defendant in error owning 30 shares of stock, or a one-fifth interest in said corporation, and being the active business manager thereof.

The defendant in error, for the sum of $15,000, sold his interest in said corporation to said Key and Floyd, and, as part of the consideration for said sum of money paid

him, executed the above-mentioned contract. There seems to be no question that defendant in error has or is threatening to repudiate and violate the terms of said contract by engaging in the hardware, furniture, and undertaking business in the city of Wewoka in competition with the purchasers, the other parties to said contract, the assigned reason therefor being that said contract is in restraint of trade and void and unenforceable under section 9492, Okla. Stat. 1931.

The single question involved necessary for a determination of this case is whether the defendant in error possessed such a vendible interest in the good will of the business of the corporation as could be conveyed by him to plaintiffs in error Key and Floyd, to sustain the agreement by defendant in error not to engage in the business carried on by said corporation in the city of Wewoka, and whether said contract is within the exception of section 9493, Okla. Stat. 1931.

Said sections 9492 and 9493, supra, are as follows:

"9492. Contract in Restraint of Trade Void—Exception. Every contract by which one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent 'void.'

"9493. Exception as to Good Will. One who sells the good will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer, or any person deriving title to the good will from him carries on a like business therein."

It has been held by this court that the intention in a contract for the sale of a business, coupled with an agreement by the seller not to engage in a like business within the same town so long as the buyer continues in business, is to sell the good will of the business. Wall v. Chapman, 84 Okla. 114, 202 P. 303.

There is no serious contention that the contract involved herein is in such unreasonable restraint of trade as to remove it from the exception provided by section 9493, supra. The contention of defendant in error is that a stockholder of a corporation has no vendible interest in the good will of the business of the corporation which can be conveyed under such a contract. The Supreme Court of California, which state has the same statutory provisions as ours, seems

to hold with the contention of defendant in error, in the cases of Merchants Ad-Sign Co. v. Sterling, 124 Cal. 429; Spring Valley Waterworks v. Schottler, 62 Cal. 69, Dodge Stationery Co. v. Dodge, 145 Cal. 380, Cavasso v. Downey, 45 Cal. App. 780, and Chamberlain v. Augustine et al., 156 P 479.

However, sections 9492 and 9493, supra, of our statute, were adopted word for word from Dakota; and in the case of Public Opinion Publishing Co. v. Ransom, 34 S. Dak. 381, the Supreme Court of South Dakota, construing same, says:

"We can see no reason why those whose act is necessary for the real transfer of the good will of a business, and who by such transfer are able to enhance the selling price of such business and thus bring a direct benefit to themselves, as would be the case of a stockholder in a corporation, should not be permitted to unite in the transfer of the good will of such corporation, and in connection therewith contract not to become rivals and competitors. Every reason which is held to sustain the validity of a contract in restraint of trade, when made by the owner of the business, will sustain the validity of such a contract."

The Supreme Court of North Dakota, in the case of Bessel v. Bethke, 56 N. Dak. 1, holds that:

"Where one sells his stock he necessarily disposes of his interest in the good will of the business conducted by the corporation to the same extent as he parts with his interest in any other property of the corporation. And where, as in the instant case, he disposes of all of his stock and severs his connection with a business that had been in a measure dependent for its success upon his skill or ability, and contracts at the same time not to reengage in the same business within an area permitted by the statute, he has, in fact, sold the good will within the exception, and the contract is valid. Any other construction of the statute would involve a sacrifice of substance to form. The statute is not concerned with the form of the ownership, or the manner in which the good will is sold. It simply provides that when one sells the good will of a business, he may agree to refrain, etc. If the contention of counsel were upheld, it would follow that one holding 99 per cent. of the stock in a corporation, which was engaged in a profitable business in which the good will was the principal asset, could not, upon the sale of all his stock, make a valid contract to protect the good will against the consequences of his engaging immediately in the same business in the same locality."

In the case of Buckhout v. Witwer, 157 Mich. 406, 23 L. R. A. (N. S.) 506, con-

struing a statute, not in words identical with ours, but similar in substance and meaning, the court held that a stockholder in a corporation has such an interest in its business and good will as to make a purchaser of such interest a transferee of the same, and the purchaser is entitled to enforce such a contract against his transferor.

Elliott on Contracts, vol. 2, p. 805, states the rule that:

"Stockholders in a corporation may, on selling their stock or in disposing of the corporation, bind themselves by a reasonable contract not to enter into a competing business with the corporation, or the business conducted by the purchaser."

In annotation of the principle involved in this case, in A. L. R., vol. 63, p. 316, it is stated that an agreement, in reasonable restraint of trade, and not having for its purpose the creation of a monopoly, by which a stockholder, upon the sale or purchase of stock, engages that he will not enter into the business in which the corporation is engaged for an ascertainable time and in a certain territory, is a valid and enforceable contract, calling attention, however, to the conflicting view of the California court.

As we view it, the weight of authority, and sound reasoning and logic, support the contention that the owner of an appreciable interest in the stock and property and assets of a corporation has a proportionate interest in the good will of the business; and that, on a sale thereof, such owner is bound by a contemporaneous agreement, supported by an adequate consideration, not to engage in a similar business within the territorial and time limits provided by section 9493, supra, of our statute. In this case, the acquisition by the purchasers of the interest of defendant in error in the good will of the corporation's business was one of the inducements of the purchase, and for which they paid a valuable consideration. The contract involved is in such reasonable restraint of trade, and in such terms, meaning, and intent, as to bring it under the provisions of said section 9493, supra, and the purchasers under said contract are entitled to the protection given thereby.

The judgment is therefore reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys E. B. Arnold, W. B. Wall, and W. L. Chase in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. E. B. Arnold, and approved by Mr. Wall and Mr. Chase, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.