CLARE v. PALMER et ux.

No. 33181.   Jan. 25, 1949.

Rehearing Denied Feb. 15, 1949.
Second Petition for Rehearing
Denied March 8, 1949.

*203 P. 2d 426.*

Embry, Johnson, Crowe, **Tolbert &** Shelton and Calvin Boxley, all of **Okla**homa City, and R. M. Mountcastle, of Muskogee, for plaintiff in error.

Thomas W. Leahy and Kelly Brown, both of Muskogee, for defendants in error.

WELCH, J.   The petition alleges, in substance, that the plaintiff is now and has been operating a drugstore in Fort Gibson since April 9, 1946, on which date he purchased the stock and fixtures of said drugstore together with the good will of the business from the defendants; that on said date a contract was entered into with the defendants as evidenced by a certain written instrument signed by the defendant McElroy Palmer, also known as Mack Palmer, for and on behalf of himself and the defendant Kathleen Palmer, his wife.

A copy of the instrument is attached to the petition. It is styled "Bill of Sale" and reads in part as follows:

" . . . That I, Mack Palmer, party of the first part, in consideration of the sum of Fifteen Thousand and No/100 Dollars, . . . paid by H. J. Clare, party of the second part, . . . do . . . sell . . . transfer and deliver unto said party of the second part, . . . the following described goods and chattels, to wit:

"The entire stock and fixtures of Corner Drug Store, located on the first floor of the Pierce Building, Fort Gibson, Oklahoma, any and all indebtedness of business up to April 9th, 1946, to be paid by party of the first part. All rights of business as agent and station for Santa Fe Bus system and as agent for State Adopted school books sales, go to party of second part. The good will of business developed by

party of the first part is also sold to party of the second part. Party of the first part will not own, operate, or be connected with any drugstore in Fort Gibson, Oklahoma."

The petition alleges that defendants have since established and are operating another drugstore in Fort Gibson to the damage of plaintiff and in violation of said agreement and contract.

The prayer of the petition is that defendants be enjoined from in any manner carrying on the business of operating a drugstore within the corporate limits of the town of Fort Gibson so long as the plaintiff or his successor shall continue in the operation of a similar business.

The defendants filed a demurrer to the petition and stated therein:

"(1) That the petition of the plaintiff does not state facts sufficient to constitute a cause of action against these defendants or either of them.

"(2) That the petition of the plaintiff shows on its face that the contract sued upon and as shown by 'Exhibit A' attached to plaintiff's petition is in contravention of the Statutes of the State of Oklahoma respective to Restraint of Trade, and that said contract is invalid and uninforcible."

The defendant Kathleen Palmer also filed special demurrer.

The demurrers were sustained, and upon election of plaintiff to stand on his petition, the trial court dismissed the action.

It is beyond question that the petition states facts sufficient to constitute a cause of action if the contract asserted is valid. So we pass to a consideration of the second challenge to the petition, that the contract is in contravention of the statutes and unenforceable.

15 O. S. 1941 §§217 and 218 provide:

"Every contract by which any one is restrained from exercising a lawful profession, trade or business of any kind, otherwise than as provided by the next two sections, is to that extent void.

"One who sells the good-will of a business may agree with the buyer to refrain from carrying on a similar business within a specified county, city or part thereof, so long as the buyer, or any person deriving title to the good will from him carried on a like business therein."

It is noted herein that the seller of the business, with the good will thereof, has covenanted simply not to re-engage therein within the town where the business is located, and the stipulation contains nothing with respect to the duration of the restriction.

In Wesly v. Chandler, 152 Okla. 22, 3 P. 2d 720, in the second paragraph of the syllabus, the following rule was stated:

"In Oklahoma restraints of trade are permitted in connection with the sale of a business, trade or professional practice, the permissible limits being fixed by statutes which declare such agreements void only as to an excess of time or space, and the statutes only invalidate the excess even though there is only one agreement and it has not been expressly divided by the parties."

In Hartman v. Everett, 158 Okla. 29, 12 P. 2d 543, it was held in paragraph one of the syllabus:

"Under sections 5071 and 5072, C. O. S. 1921, the contract of one who sells the good will of a business which provides that the seller will not engage in a like business anywhere within the United States for a period of five years, is not wholly void, but is only void to the extent that it prohibits the seller from engaging in a like business beyond the confines of the county in which the business sold was conducted."

It was thus held that such contracts, with a restraint provided which was other than prescribed by statute, were "to that extent void," but in so far as the restraint provided by the terms of the agreement embraced and included the permissible limits fixed by statute, the agreement was valid.

The Hartman case was an action for damages, and in the body of the opinion it was said:

"Under sections 5071 and 5072, C. O. S. 1921, the contract in question is not absolutely void, but is only void as to that portion which provides that plaintiff is restrained from publishing and editing a magazine of like kind anywhere in the United States. The contract is valid in part. . . . Defendant is entitled to recover from plaintiff whatever damage he has suffered by reason of plaintiff's operation in Tulsa county."

California has statutes identical with the Oklahoma statute, supra. The California Supreme Court, in a discussion of a contract of similar import to that here involved, in Brown v. Kling, 101 Cal. 295, 35 P. 995, said:

"The statute does not provide that such contracts, though not in accordance with the Code, shall be wholly void. It says they shall be 'to that extent void.' It may be said (and perhaps that is the correct construction) that the restraint which is other than that prescribed shall be void. But it is a familiar rule of law that, where there is a statute upon a certain subject, it enters into, and becomes a part of, such contract upon such subject, if the contract can be so construed. The contracting parties are presumed to have had the law in view. Sometimes the terms of the contract will rebut this presumption, but in the present case they do not. One rule at common law applicable to this matter was that the restraint shall be no greater than is necessary to protect the purchaser. This rule would limit the restraint to the time during which the purchaser or his assignee is in business, for beyond that time there is nothing to protect."

In another case from that jurisdiction, Gregory v. Spieker, 110 Cal. 150, 42 P. 576, the court, after quoting statutes of identical language as the Oklahoma statutes, supra, said:

"Here Spieker agreed 'not to manufacture or sell any of said Robert's Bitters in this county,' not limiting his covenant to the time during which the buyer might carry on the business, as provided in the latter section quoted. For this reason, it is contended that his contract with Lee was void in this particular. We think it reasonably clear that no design to impose a limit on the time during which defendant was restrained from carrying on the business in Sacramento county is inferable from the contract, and in that respect it transgressed the statute. But the statute does not render the whole provision void. It avoids it only 'to that extent,' viz., the extent that it transcends the permissive clause of the statute. Within that limit it is valid. This must be regarded as the settled construction of the statute. Ragsdale v. Nagle, 106 Cal. 336, 39 P. 628, and cases cited."

Here, whether the agreement be construed as if the parties had the applicable statute before them, and the statute entered into and became a part of the contract, or whether it be inferred from the wording of the contract that the parties intended that the restraint provided was for the duration of the life of the promisor, the result is the same.

The act of one selling the good will of a business, in agreeing with the buyer to refrain from carrying on a similar business forever or during the lifetime of the promisor, is not declared unlawful, or prohibited under penalty, by statute. Such an agreement would be invalid to all extent that it should exceed the permissible limits of time or space fixed by statute, but would be valid within the limits of space provided by statute and for "so long as the buyer, or any person deriving the title to the good will from him carries on" the business.

The defendants assert stare decisis; that, under an established rule of law, the contract containing no limitation as to the time limit during which the purchaser should carry on a like business, was void; that under the construction of section 218, supra, given and adhered to by this court over a period of years and as existing at the time of the agreement, the contract was

void: Hulen v. Earel, 13 Okla. 246, 73 P. 927, and Wall v. Chapman, 84 Okla. 114, 202 P. 303, are cited.

In Hulen v. Earel, the contract in question read in part as follows:

"Said party of the second part, . . . covenants and agrees not to engage in the practice of medicine in the vicinity of Pond Creek, Oklahoma."

The Supreme Court of the Territory of Oklahoma, after quoting section 820 of Wilson's Revised Statutes (218, supra, identical) said:

"The contract evidently does not come within the provisions of this action, as it provides that the defendant shall not engage in the practice of medicine in the vicinity of Pond Creek, Oklahoma, without any limitations. It will be seen that the contract is in violation of section 820 because it is not limited to a time during which the plaintiff should carry on a like business.'

The opinion of the Territorial Court ignores the clear meaning of the preceding section of the statute, section 819 (herein §217, supra). Section 820 is permissive. The preceding section provides that "every contract by which anyone is restrained . . ." otherwise than as provided by section 820, "is *to that extent* void." Although the stipulation here involved contains nothing with respect to the duration of the restriction, and the implication is that the prohibition shall be operative during the seller's lifetime, the agreement is nonetheless within the permissive limits of section 820 so long as the buyer carries on the business within the specified territory and as limited by statute. The agreement in so far as it would restrain the seller after the buyer had ceased carrying on the business, and the usage of the good will, is beyond the permissive limits fixed and as provided by statute and "is to that extent void." Such, in ef-

fect, has been the construction of sections 217 and 218, supra, by this court since the statutes were first brought in question beginning with the case of Wall v. Chapman, supra.

In Wall v. Chapman, citing section 979, R. L. 1910 (§218, supra) the agreement of a seller of a business to refrain from engaging in a like business in the town for five years was held valid and enforceable by the purchaser who was carrying on the business a year after the contract was entered into. Hulen v. Earel is mentioned therein, but the rule announced in Hulen v. Earel is neither approved nor disapproved. An early California case is cited and the construction there given of a statute of that state identical with section 218, supra, is noted. The California construction is followed.

We do not agree with the construction of the statute as announced in Hulen v. Earel. We do not agree with the defendants that this court ever adopted such construction, or that such construction had become an established rule of law at the time the contract here involved was entered into.

Under 15 O. S. 1941 §§217 and 218, the agreement of a seller of a business, and the good will thereof, to refrain from engaging in like business in the same town, is valid and enforceable by the purchaser continuously carrying on the business since the contract was entered into.

It was error to sustain the demurrers to plaintiff's petition. The judgment is reversed and the cause remanded, with directions to the trial court to proceed in the cause not inconsistent with the views herein expressed.

DAVISON, C.J., ARNOLD, V. C. J., and CORN, LUTTRELL, HALLEY, and O'NEAL, JJ., concur.