## MOORE v. SNODGRESS.

No. 33562.   July 18, 1950.

Rehearing Denied Oct. 10, 1950.

Second Petition for Rehearing Denied Nov. 21, 1950.

*223 P. 2d 1080.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error.

Tom W. Garrett, of Oklahoma City, for defendant in error.

HALLEY, J.   The parties occupy the same positions as they did in the court below and will be referred to here as there. The plaintiff inherited from her deceased husband the ownership of the Moore Optical Company, located at 211 West Commerce street in that section of Oklahoma City known as Capitol Hill. Her husband had been a licensed optometrist during his lifetime; she was not. She entered into a contract with the defendant, who was a licensed optometrist, on May 19, 1942, wherein she sold him a half interest in the optical company for $6,000, payable at the rate of $50 a month. The defendant could pay all of the purchase price or any of the amount remaining due on the monthly payment date. The defendant agreed that should he withdraw from the partnership or breach the contract, he would not practice his profession as an optometrist within a radius of one and one-half miles of 211 West Commerce street. The defendant left the Moore Optical Company and set up a competing business and carried on his occupation of optometry within a mile and a half of 211 West Commerce street in Oklahoma City. The plaintiff filed suit to dissolve the partnership and restrain the defendant from carrying on his profession in the area designated by the contract. The trial court sustained a demurrer to her petition, and she elected to stand on her petition, and the case was dismissed. From that action she appealed.

Was this contract valid? The practice of optometry in Oklahoma is regulated by the statutes, and unless there is something in the statutes which prohibits such a contract, it must be upheld. We have studied ch. 13 of Title 59, O. S. 1941, which deals with optometry, and find nothing that would justify a holding that a licensed optometrist could not make a contract with someone not an optometrist to carry on an optical business; and we know of no reason why such business could not be

carried on without a licensed optometrist. In many ways the situation here is comparable to a registered pharmacist engaging in the drug business with someone who is not registered. We have found no case saying that a contract of partnership so entered into by members of either of those professions is invalid ipso facto.

The defendant places much emphasis upon the fact that optometry is a profession and a healing art. It may be both, and may be very important in our society, but our Legislature has not seen fit to prevent those licensed in that art from forming a partnership in the optical business with one unlicensed, and we cannot set up such a restriction.

If licensed optometrists are free to form such a partnership, does section 219, Title 15, O. S. 1941, apply to the contract in question here? We set out that section:

"Partners may, upon or in anticipation of a dissolution of the partnership, agree that none of them will carry on a similar business within the same city or town where the partnership business has been transacted, or within a specified part thereof. (R. L. 1910, §980)."

Contracts of this nature which are limited in area and as to time have been approved numerous times under this and similar statutes. Wesley v. Chandler, 152 Okla. 22, 3 P. 2d 720; Harrington v. Hackler, 181 Okla. 396, 74 P. 2d 388.

The defendant cites Hulen v. Earel, 13 Okla. 246, 73 P. 927, as controlling, but the vice in that case was that there was no limitation as to the years the prohibition was to remain in effect. The defendant here entered into this contract with his eyes open, and agreed that if he withdrew from the partnership he would not practice optometry within an area of 7.07 square miles— there being 717 square miles in Oklahoma county and 69,414 square miles in the State of Oklahoma. At the end of five years he could practice his profession in the restricted area.

The case is reversed, with directions to overrule the defendant's demurrer.

WELCH, CORN, JOHNSON, and O'-NEAL, JJ., concur. ARNOLD, V.C.J., and GIBSON and LUTTRELL, JJ., dissent.